*The Law Offices of Shimshon Wexler, PC*
*PO Box 250870*
*New York, New York 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
swexleresq@gmail.com

April 25th, 2013

VIA CM/ECF
Hon. Brian M. Cogan
U.S. District Court
225 Cadman Plaza East
Brooklyn NY 11201

RE:   Shirley T.Burton v. Nations Recovery Center, Inc. and Atlantic Credit & Finance Special Finance Unit III, LLC

E.D.N.Y. Case No. 13-CV-1426-BMC

Dear Judge Cogan:

Counsel for Plaintiff Shirley T Burton ("Plaintiff") and Defendant Nations Recovery Center, Inc. and Atlantic Credit & Finance Special Finance Unit III, LLC ("Defendants") submit this Joint letter with a brief description of the case.

**I. Jurisdiction.**
This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper before this Court pursuant to 28 U.S.C. §1391(b).

**II. Plaintiff's Claims.**
Plaintiff is a natural person who at all relevant times resided in the State of New York, County of Queens. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3). Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).
In an attempt to collect an alleged debt, Defendant willfully and knowingly mailed Plaintiff a letter that did not clearly identify the name of the creditor to whom the debt was owed in violation of 15 U.S.C. § 1692g(a)(2) within 5 days of its initial communication with Plaintiff. A copy of the letter is attached as Exhibit A to the complaint.

**III. Defenses to Plaintiff's Claims.**
Both Defendants are represented by Arthur Sanders of Mel S. Harris & Associates, LLC. Both Defendants fit the definition of debt collector, as defined by 15 U.S.C. §1692a(6). Nonetheless, only one of the Defendants should be subjected to possible liability, as only one of the

Defendants is alleged to have performed any acts violative of the Fair Debt Collection Practices Act.

The Defendant, Atlantic Credit & Finance Special Finance Unit III, LLC ("Atlantic Credit") is a debt purchaser and many of its accounts are handled by the co-defendant, Nations Recovery Center, Inc ("Nations Recovery"). In the instant matter, Defendant Nations Recovery sent a letter to plaintiff that complied with the Fair Debt Collection Practices Act in all aspects, except for the fact that there was a lack of clarity in identifying the creditor. Defendant, Nations Recovery, is relying, in part, on the Bona Fide Error defense, as it has procedures in place to guard against the very type of errors that is alleged in the complaint. These procedures have been successful as to prevent this mistake from having occurred in the past, but did not prevent the mistake from being made in the instant matter. Defendant, Nations Recovery, believes that only a small batch of letters contain the error, but is still investigating to find out the exact number of letters sent to consumers in the State of New York that did not properly identify the creditor.

The Defendant, Atlantic Credit, did not prepare the correspondence that is at the heart of the instant litigation. It did not play any role in the creation of the correspondence and has never played any supervisory role with respect to the content of Nation Recovery's collection letters. The complaint cannot point to any discrete acts committed by Defendant, Atlantic Credit, with respect to the plaintiff in this matter and as a result, there are no grounds to proceed against Defendant, Atlantic Credit.

In addition to the foregoing, it is important to note that Defendant, Nations Recovery, has a low net worth. While its 2012 financial statements are not yet complete, the preliminary indications point a net worth of approximately $200,000. Were Plaintiff to pursue class certification, as contemplated in the complaint, the measure of damages of one percent (1%) of Defendant's net worth. This would amount to approximately $2,000. Such a low figure would facilitate against class action as the best means to resolve this matter.

**IV. Contemplated Motions.**
If necessary, Plaintiff contemplates requesting leave to file an Amended Complaint to add violations of other FDCPA sections. Following completion of discovery, the parties contemplate filing Motions for Summary Judgment.