UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
SHIRLEY T. BURTON, on behalf of plaintiff : CASE NO.: 1:13-cv-1426-BMC
and the class defined herein, :
 :
                                  Plaintiffs, :
 :
            vs. : **MEMORANDUM OF LAW IN SUPPORT**
 : **OF CONSENT MOTION FOR**
 : **PRELIMINARY APPROVAL OF CLASS**
NATIONS RECOVERY CENTER, INC.; : **SETTLEMENT AGREEMENT**
ATLANTIC CREDIT & FINANCE SPECIAL :
FINANCE UNIT III, LLC :
 :
                                  Defendants. :
---------------------------------------------------------------x

      Plaintiff, SHIRLEY BURTON ("Plaintiff"), individually, and as representative of the class of persons defined below in ¶ 4(a) ("Settlement Class"), and Defendant, NATIONS RECOVERY CENTER, INC., ("Defendant"), jointly request that this Court enter an order which (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached hereto as Exhibit A; (ii) certifies for settlement purposes the Settlement Class as defined in Paragraph 8 of the Agreement; (iii) appoints William F. Horn and Shimshon Wexler as Class Counsel; (iv) appoints Plaintiff as representative of the Settlement Class; (v) sets dates for Settlement Class members to return a claim form, opt-out of, or object to, the Agreement; (vi) schedules a hearing for final approval of the Agreement; (vii) approves the mailing of notice to Settlement Class members in the form of Exhibit 1 to Exhibit A; and, (viii) finds that the mailing of such notice satisfies the requirements of due process. A copy of the proposed preliminary approval order is attached as Exhibit 2 to Exhibit A.

      1.    Plaintiff alleges that Defendant engaged in false and misleading collection practices, and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq*.

("FDCPA"), by sending consumers collection letters, in the form attached as Exhibit A to Plaintiff's complaint [Doc. 1], which failed to accurately identify the creditor of their alleged debts insofar as the letters stated "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC."

2.After extensive arms-length discussion, the Parties reached an agreement to settle the claims of Plaintiff and the Settlement Class, as set forth in the Agreement, attached hereto as Exhibit A.

3.Counsel for the Parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsels' review and analysis, the Parties have entered into the Agreement.

4.The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Agreement and agree as follows:

(a)Settlement Class Certification. The Parties have stipulated to certification of the following class for settlement purposes only.

(a) all persons with addresses in the State of New York (b) to whom Defendant mailed a collection letter in the form attached as *Exhibit A* to Plaintiff's complaint (c) which states "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC" (d) made in connection with Defendant's attempt to collect a debt (e) during a period beginning on March 15, 2012, and ending on April 4, 2013. [Exhibit A, ¶ 8].

Defendant's business records indicate that there are 335 people in the Settlement Class. [Exhibit A, ¶ 9].

(b) <u>Settlement Class Recovery</u>. Defendant will create a class settlement fund of $15,000.00 ("Class Recovery"), which Plaintiff's counsel will distribute *pro rata* among those Settlement Class Members who do not exclude themselves and who timely return a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Claimants' checks, these remaining funds will be distributed as set forth in ¶ 11(d). Relatives of deceased persons are eligible to submit a claim form and to receive a *pro rata* share of the Class Recovery. [<u>Exhibit A</u>, ¶¶ 10 and 11(a),(d)].

(c) <u>Relief to Plaintiff</u>. Defendant shall pay $1,000.00 to Plaintiff for her statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus an additional $1,500.00 in recognition for her services to the Settlement Class. [<u>Exhibit A</u>, ¶ 11(b)].

(d) <u>Attorneys' Fees and Costs</u>. Defendant agrees that Plaintiff is the successful party and further agrees to pay reasonable attorneys' fees and costs as the Court may award for prosecution of a "successful action" under 15 U.S.C. § 1692k. [<u>Exhibit A</u>, ¶ 11(b)]. [<u>Exhibit A</u>, ¶ 12]. The Parties have agreed to negotiate in good faith prior to the fairness hearing, including mediation, in an attempt to reach an agreement regarding Class Counsels' attorneys' fees, costs, and expenses, which will then be submitted for Court approval. [*Id.*].

(e) <u>Settlement Class Notice</u>. Within 30 days of entry of the Preliminary Approval Order, Defendant shall cause actual notice, in the form of <u>Exhibit 1</u> to the Agreement, to be mailed to the last known addresses of the members of the Settlement Class, according to Defendant's business records. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses and if a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four (4) days of receipt. Neither the Class Administrator, Defendant, nor Plaintiff is required to skip trace any notices that are returned as undeliverable. [<u>Exhibit A</u>, ¶ 20].

(f) <u>Settlement Class Members' Pro Rata Recovery</u>. Each Settlement Class Member who timely submits a valid written claim form to the Class Administrator. attesting that s/he received a non-complaint letter from Defendant, during the Settlement Class Period shall receive a pro rata payment which will be no less than of $44.78 which is the minimum amount recoverable by any Settlement Class Member if all 335 Class Members were to return a claim form. Any Settlement Funds remaining 60 days after the mailing of checks to Class Members who timely submitted a claim form as a result of any uncashed checks will go towards a *cy pres* payment in the amount of the remainder and shall be made to one or more charitable organizations without any religious or political affiliations. The Parties have agreed to designate the New York Legal Assistance Group as the

        recipient of any such *cy pres* payment and is subject to the approval of the Court. [Exhibit A, ¶¶ 11 and 13].

    (g)    <u>Settlement Class Members' Right to Opt Out or Object</u>. Any Settlement Class member may choose to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class member who opts out of the Settlement Class and Agreement shall not be bound by any prior Court order or the terms of the Agreement. Settlement Class members may also object to the Agreement and, if they choose to do so, they may also appear and be heard at the fairness hearing. [<u>Exhibit A</u>, ¶¶ 13-15].

5.    The FDCPA caps a class's recovery at 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B)(ii). Based upon the financials documents Defendant provided to Class Counsel during discovery and the nature of the claims alleged, the Parties believe that the Agreement is fair and reasonable, and is in the best interest of the Settlement Class for the following reasons: (i) Defendant is paying more than the maximum amount of class damages available under the FDCPA [<u>Exhibit A</u>, ¶10]; (ii) each Settlement Class Member will receive a significant monetary benefit if they choose to submit a claim form [*Id.* at ¶ 11(a)]; and, (iii) each Settlement Class Member will receive direct mail notice advising them of their right to obtain a monetary award, object to, or opt-out of the Agreement [*Id.* at ¶¶ 13-15 and 20]. Thus, the Court should approve the Agreement.

6.    During discovery Defendant also disclosed information relevant to the requirements of Fed. R. Civ. P. 23, including the size of the putative FDCPA class, which the Parties have relied upon in reaching the Agreement and in bringing this motion. The proposed Agreement meets all of the requirements of Rule 23:

    (a)    <u>Numerosity</u>. The Settlement Class, having 335 members, satisfies the numerosity requirement. of Rule 23(a)(1). *See Korn v. Franchard Corp.*, 456 F.2d 1206 (2d Cir. 1972) (70 class members sufficient); see also, *Mathis v. Bess*, 138 F.R.D. 390, 393 (S.D.N.Y. 1991) (joinder impracticable based solely on fact that class had 120 members); *see also*, Newberg on Class Actions, 3rd Ed. Sec. 3.05, at 3-25.

(b) <u>Commonality</u>. "The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166-167 (2d Cir. 1987) (common defenses applicable to whole class satisfied commonality requirement); see also, *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The Settlement Class members have identical legal claims based upon a <u>standardized</u> collection letter sent by Defendant to Plaintiff and each Settlement Class Member.

(c) <u>Typicality</u>. The "typicality" requirement of Rule 23(a)(3) is satisfied for the reasons that the "commonality" requirement of Rule 23(a)(2) is met. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). See also, *Robidoux v. Celani*, 987 F.2d 931, 936-937 (2d Cir. 1993) (if same conduct is directed toward named plaintiff and putative class members, minor factual differences will not defeat typicality)

(d) <u>Adequacy of Representation</u>. Plaintiff's counsel is experienced in class action and FDCPA litigation. In addition, Plaintiff has no interests which are antagonistic to the Settlement Class members. Therefore, Plaintiff and her counsel satisfy the adequacy of representation requirement embodied in Rule 23(a)(4). Affidavits of William F. Horn and Shimshon Wexler are respectively attached hereto <u>Exhibits B & C</u>, which outline their qualifications to serve as Class Counsel.

(e) <u>Predominance and Superiority</u>. Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). Both of these requirements are satisfied in the present case.

7. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings, including any motion for class certification, in this or any other litigation, or in any manner whatsoever.

8. Plaintiff and Defendant request that the Court set the following schedule for the proposed Agreement:

(a) Class Notice (<u>Exhibit 1</u> to <u>Exhibit A</u>) is to be mailed within thirty (30) days of entry of the Preliminary Approval Order;

(b) Settlement Class members shall have until 45 days after the initial mailing of the notice to return a claim form, to exclude themselves from, or object to, the Agreement. Any Settlement Class members who wish to receive an award of monetary damages must return to the Class Administrator a completed claim form by that date. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by the same date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on counsel for both Plaintiff and Defendant by the same date. Any objection must include the name and number of the case and a statement of the reason(s) why the objector believes the Court should find Agreement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a settlement. The request for exclusion or objection must be postmarked by a date 45 days after the initial mailing of the class notice.

(c) A claim form will be sent with the class notice.

(d) A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Settlement Class will be held before this Court on a date at least seventy-five (75) days from the entry of the preliminary approval order.

10. In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the Parties, the Parties intend for the Settlement Agreement to control, subject to Court approval.

**WHEREFORE**, the Parties respectfully request that the Court enter an order in the form of <u>Exhibit 2</u> to the Agreement, which (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as <u>Exhibit A</u>; (ii) certifies for settlement purposes the Settlement Class as defined in paragraph 9 of the Agreement; (iii) appoints William F. Horn and Shimshon Wexler as Class Counsel; (iv) appoints Plaintiff as representative of the Settlement Class; (v) sets dates for Settlement Class members to return a claim form, or opt-out of, or object to, the Agreement; (vi) schedules a hearing for final approval of the Agreement; (vii) approves the

mailing of notice and claim form to Settlement Class members in the form of <u>Exhibit 1</u> to <u>Exhibit A</u>, and (viii) finds the mailing of such notice satisfies the requirements of due process.

Respectfully submitted this 30th Day of August, 2013.

| | |
|---|---|
| *s/ Arthur Sanders* | *s/ William F. Horn* |
| Arthur Sanders, Esq. (AS-1210) | William F. Horn, Esq. (WH-1070) |
| MEL S. HARRIS & ASSOCIATES, LLC | LAW OFFICE OF WILLIAM F. HORN |
| 5 Hanover Square, 8th Floor | 188-01B 71st Crescent |
| New York, N.Y. 10004 | Fresh Meadows, NY 11365 |
| Telephone: (212) 660-1050 | Telephone: (718) 785-0543 |
| Facsimile: (646) 454-2104 | Facsimile: (866) 596-9003 |
| E-Mail: asanders@melharrislaw.com | E-Mail: bill@wfhlegal.com |

*Attorney for Defendant, Nations Recovery Center, Inc.*

Shimshon Wexler, Esq. (SW-0770)
THE LAW OFFICES OF SHIMSHON WEXLER, P.C.
P.O. Box 250870
New York, NY 10025
Telephone: (212) 760-2400
Facsimile: (917) 512-6132
E-Mail: shimshonwexler@yahooo.com

*Attorneys for Plaintiff, Shirley Burton, and all others similarly situated*