# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

—————————————————————————— x

SHIRLEY T. BURTON, on behalf of plaintiff
and the class defined herein,

                             Plaintiffs,

               vs.

NATIONS RECOVERY CENTER, INC.;
ATLANTIC CREDIT & FINANCE SPECIAL
FINANCE UNIT III, LLC

                       Defendants.

—————————————————————————— x

CASE NO.: 1:13-cv-1426-BMC

**CLASS SETTLEMENT AGREEMENT**

This Class Settlement Agreement dated as of August 29, 2013, ("Agreement"), is made and entered into by and among the following Parties, as those terms are defined herein: (i) Plaintiff, on behalf of herself and each of the Settlement Class members, by and through Settlement Class Counsel; and (ii) the Defendant, by and through its counsel of record in this Action.[1] This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

<u>**RECITALS**</u>

1.      **<u>Parties.</u>** Defendant, NATIONS RECOVERY CENTER, INC. ("Defendant"), and Plaintiff, SHIRLEY T. BURTON ("Plaintiff") individually, and as representative of the class of persons defined below in ¶8 (the "Settlement Class"), enter into this Agreement as to the claims of Plaintiff and the Settlement Class arising from Defendant's collection letter attached as *Exhibit A* to Plaintiff's complaint in this action [Doc. 1]. Plaintiff and Defendant are collectively referred to hereinafter as the "Parties."

---

[1] As used in this Agreement, capitalized terms shall have the meanings and definitions set forth herein.

2.      **Nature of litigation.** Plaintiff, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Eastern District of New York, Eastern Division, entitled, *Shirley T. Burton v. Nations Recovery Center, Inc., et al*, Case No. 1:13-cv-01426-BMC (the "Litigation"), which alleges that Defendant engaged in false, deceptive, and misleading collection practices, and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), by sending consumers a collection letter that failed to accurately identify the creditor of their alleged debts.

3.      **Denial of Liability.** Defendant denies violating the FDCPA and denies all liability to Plaintiff and the Settlement Class. Defendant desires to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to its collection letter, which is attached as *Exhibit A* to Plaintiff's complaint in this action [Doc. 1], and which have or could have been asserted by Plaintiff against Defendant in the Litigation.

4.      Plaintiff, individually and on behalf of the Settlement Class, desires to settle her claims against Defendant, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Litigation will be further protracted and expensive.

5.      Plaintiff's counsel have investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel consider it to be in the best interest of the Settlement Class to enter into this Agreement.

6.      In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, and Defendant agree to settle the claims of the Plaintiff and the Settlement Class arising from the Defendant's collection letter at issue in this action, subject to the Court's approval, on the following terms and conditions.

**TERMS**

7.     **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses without prejudice the claims alleged by Plaintiff and the Settlement Class in the Complaint; and, (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

8.     **Certification of Settlement Class.** For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> (a) all persons with addresses in the State of New York (b) to whom Defendant mailed a collection letter in the form attached as *Exhibit A* to Plaintiff's complaint (c) which states "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC" (d) made in connection with Defendant's attempt to collect a debt (e) during a period beginning on March 15, 2012, and ending on April 4, 2013.

9.     **Class Size.**     During discovery, Defendant has made certain representations to Settlement Class Counsel concerning the number of class members. Specifically, that there are 335 members of the Class.

10.     **Net Worth.**     The Parties acknowledge that the FDCPA limits class recovery of statutory damages to the lesser of $500,000.00 or 1% of the Defendant's net worth. During discovery, Defendant has made certain representations to Settlement Class Counsel concerning its net worth along with its financial statements for the fiscal years 2011 and 2012. Based on the

information obtained to date, Defendant's net worth is $198,503.00 and $204,434.00, respectively. Accordingly, based upon the 2012 net worth, $2,044.34 is the maximum amount of statutory damages that could be recovered under the FDCPA if a litigation class were certified in this Action and Plaintiff prevailed on the merits at trial and on appeal. However, as a result of significant in-depth settlement discussions, the Parties have agreed that Defendant will pay $15,000.00 in damages to the Settlement Class.

11.   **Relief to Plaintiff and the Settlement Class.** Based on the size of the Settlement Class and the maximum class recovery of statutory damages permitted by law, the minimum payment to each Settlement Class Member of his or her *pro rata* share of statutory damages would be at least $44.78 per Settlement Class Member. Therefore, Defendant shall provide the following relief to Plaintiff and the Settlement Class:

(a)   Defendant will create a class settlement fund of $15,000.00 ("Class Recovery"), which Plaintiff's counsel will distribute *pro rata* among those Settlement Class Members who do not exclude themselves and who timely return a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Claimants' checks, these remaining funds will be distributed as set forth in ¶ 11(d). Relatives of deceased persons are eligible to submit a claim form and to receive a *pro rata* share of the Class Recovery.

(b)   Defendant shall pay $1,000.00 to Plaintiff for her statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus an additional $1,500.00 in recognition for her services to the Settlement Class.

(c)   Defendant shall pay all costs associated with the notice under this class settlement and all costs of administering the class settlement; First Class, Inc., 5410 West Roosevelt Road, Chicago, IL 60644 is the company that will administer the settlement notice.

(d)   Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to a charitable organization. The Parties propose that the *cy pres* award be donated to New York Legal Assistance Group, which is located at 7 Hanover Square, 18th Floor, New York, New York 10004. The Parties' selection of the forgoing *cy pres* recipient is subject to the Court's approval at the time of the final fairness hearing.

12.     Defendant agrees that Plaintiff is the successful party and further agrees to pay reasonable attorneys' fees and costs as the Court may award for prosecution of a "successful action" under 15 U.S.C. § 1692k. The Parties and their respective counsel agree that they will negotiate in good faith prior to the fairness hearing, including mediation, in an attempt to reach an agreement regarding Settlement Class Counsels' attorneys' fees, costs, and expenses, which will then be submitted for Court approval. Pursuant to Rule 54(d)(2), Settlement Class Counsel will file a motion for approval of reasonable attorneys' fees, costs, and expenses for time spent and costs and expenses incurred. If no consent has been reached by the Parties, Defendant may oppose the amount of fees, costs, and expenses sought. The award of fees, costs, and expenses to Class Counsel shall be in addition and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members. Defendant shall pay the attorneys' fees, costs, and expenses awarded by the Court within 14 days after the Court's order related to such fees, costs, and expenses becomes final (non-appealable). Upon payment of all approved attorneys' fees, costs, and expenses to Class Counsel, Defendant shall have no further obligation with respect to Settlement Class Counsels' fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Settlement Class Member.

13.     Settlement Class Members shall have forty-five (45) days after mailing of the notice of the proposed settlement to complete and postmark a request to opt in to the proposed settlement or to object to the proposed settlement.

14.     Any Settlement Class Member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class Members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant at the addresses listed in ¶ 28 of this Agreement by the date set by the Court. Any

Settlement Class member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement.

15.     Any Settlement Class member may object to this Agreement by sending said objection to the Clerk of the Court and to the addresses set forth in ¶ 28 of this Agreement within the time period set by the Court. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the Agreement is not in the best interests of the Settlement Class. Any Settlement Class Member who objects to the Agreement may appear at the Final Approval Hearing and be heard on the fairness of the settlement.

16.     Within 14 day before the Effective Date, Defendant shall distribute all monies set forth in ¶11(a), and ¶ 11(b) to Class Counsel addressed to William F. Horn, Law Office of William F. Horn, 188-01B 71st Crescent, Fresh Meadows, New York 11365. The check for the monies described in ¶ 11(a) and ¶ 11(b) shall be made payable to "William F. Horn, IOLA Account."

17.     **Release.** Upon the Effective Date, the Parties grant the following releases:

(a)     Plaintiff, Shirley Burton, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Defendant, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendant's collection activity.

-6-

(b)     Each member of the Settlement Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to Defendant's collection letter that is attached as Exhibit A to Plaintiff's complaint in this action [Doc. 1].

(c)     IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Settlement Class Member may have with respect to the underlying debts which Defendant was attempting to collect, including, but not limited to, (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

(d)     Defendant does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their alleged debts. The underlying debts Defendant sought to collect are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Settlement Class Members.

18.     The releases set forth herein are conditioned upon the Court's approval of the Agreement and Defendant meeting its obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

19.     **Notice Costs and Related Matters.** Defendant will pay all costs of notice and settlement administration, as described above in ¶ 11.

20.     **Notice.** Within thirty (30) days of entry of the Preliminary Approval Order, Defendant shall, through the Class Administrator, cause actual notice in the form of Exhibit 1, to be sent to the last known addresses of the Settlement Class Members, according to Defendant's business records. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided

within four (4) days of receipt. Neither the Class Administrator, Defendant, nor Plaintiff is required to skip trace any notices that are returned as undeliverable.

21.     Defendant shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA").

22.     **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for the Preliminary Approval Order, attached as Exhibit 2, which:

(a)     Preliminarily approves this Agreement;

(b)     Certifies the Settlement Class defined in ¶ 8 for settlement purposes;

(c)     Appoints William F. Horn and Shimshon Wexler as Class Counsel;

(d)     Appoints Shirley Burton as the representative of the Settlement Class;

(e)     Sets dates for Settlement Class members to opt-out or to object;

(f)     Schedules a hearing for final approval of this Agreement;

(g)     Approves Exhibit 1 hereto as notice to the Settlement Class, to be directed to the last known address of the Settlement Class Members as shown in Defendant's business records;

(h)     Finds that mailing of the Settlement Class notice and the other measures specified in ¶ 20 are the only notice required to the Settlement Class and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

23.     The Parties agree to request the form of notice attached hereto as Exhibit 1 and propose the form of preliminary approval order attached hereto as Exhibit 2. The fact that the

Court may require non-substantive changes in the proposed class notice or preliminary approval order does not invalidate this Agreement.

24.   **Final approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Plaintiff's counsel, Defendant, and Defendant's counsel shall request that the Court enter a Final Order:

(a)   approving the terms of this Agreement as fair, reasonable, and adequate;

(b)   providing for the implementation of its terms and provisions;

(c)   certifying for purposes of settlement the Settlement Class;

(d)   finding that the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;

(e)   dismissing the claims of Plaintiff and the Settlement Class alleged in the Complaint without prejudice and without costs;

(f)   retaining exclusive jurisdiction to enforce the terms and provisions of this Agreement;

(g)   directing Plaintiff, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, to file a notice apprising the Court that the terms of the Agreement have been complied with and providing the Court with an accounting of how the money in the Class Recovery was distributed; and

(h)   directing that ten (10) days after the filing of the notice contemplated in ¶ 24(g) above, the dismissal of the claims of Plaintiff and the Settlement Class shall be

with prejudice and without costs, absent a timely motion by either Plaintiff or Defendant.

25.     The Parties agree to request the form of final order attached hereto as <u>Exhibit 3</u>. Any require non-substantive changes in the final order does not invalidate this Agreement.

26.     **Release of Attorneys' Lien.** In consideration of this Settlement Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in ¶ 17(a) above, of and from any and all claims for attorneys' fees, by lien or otherwise, other than the amount of Class Counsels' fees and costs to be determined and distributed pursuant to  ¶ 12.

27.     **Miscellaneous Provisions.**  The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein, including mediation of Class Counsels' attorneys' fees and costs prior to the fairness hearing. Whether or not this Agreement is consummated, it shall in no event be construed as, or be deemed to be, evidence of an admission on the part of Defendant of any liability or wrongdoing whatsoever.

28.     Notices and objections related to this Agreement shall be sent to:

> William F. Horn, Esq.                   Shimshon Wexler, Esq.
> LAW OFFICE OF WILLIAM F. HORN          LAW OFFICES OF SHIMSHON WEXLER, P.C.
> 188-01B 71st Crescent                   P.O. Box 250870
> Fresh Meadows, NY 11365                 New York, NY 10025
> Facsimile:  (866) 596-9003             Facsimile:   (917) 512-6132
> E-Mail: bill@wfhlegal.com              E-Mail: shimshonwexler@yahoo.com

> Notices to Defendant shall be sent to:

> Arthur Sanders, Esq.
> MEL S. HARRIS & ASSOCIATES, LLC
> 5 Hanover Square, 8th Floor
> New York, NY 10004
> Facsimile: (646) 454-2104

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

29.     The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.

30.     This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

31.     Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

32.     This Agreement shall be governed by and interpreted in accordance with the laws of the state of New York.

33.     If final approval is granted, the Parties shall retain the Settlement Class list and a list of Settlement Class members who opted out or excluded themselves for six months thereafter, and may destroy them after that period.

34.     If any Party commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover their reasonable attorneys' fees and other expenses incurred in such action. Any award of attorneys' fees and expenses hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorneys' fees and expenses actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorneys' fees and expenses paid or incurred in good faith.

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective

counsel of record, have so agreed.

**Defendant:**                                    **Plaintiff:**
NATIONS RECOVERY CENTER, INC.


By: _____          _____
Its: *CEO*                                    SHIRLEY T. BURTON
Dated: August *29*, 2013                     Dated: August ___, 2013

**Attorneys for Defendant:**                  **Attorneys for Plaintiff:**
MEL S. HARRIS & ASSOCIATES, LLC              LAW OFFICE OF WILLIAM F. HORN


_____                    _____
Arthur Sanders, Esq.                         William F. Horn, Esq.
5 Hanover Square, 8th Floor                  188-01B 71st Crescent
New York, N.Y. 10004                         Fresh Meadows, NY 11365
Telephone: (212) 660-1050                    Telephone: (718) 785-0543
Facsimile: (646) 454-2104                    Facsimile:  (866) 596-9003
E-Mail: asanders@melharrislaw.com            E-Mail: bill@wfhlegal.com
Dated: August *10*, 2013                     Dated: August ___, 2013


                                             LAW OFFICES OF SHIMSHON WEXLER, P.C.


                                             _____
                                             Shimshon Wexler, Esq.
                                             P.O. Box 250870
                                             New York, NY 10025
                                             Telephone: (212) 760-2400
                                             Facsimile:  (917) 512-6132
                                             E-Mail: shimshonwexler@yahooo.com
                                             Dated: August ___, 2013

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective counsel of record, have so agreed.

**Defendant:**
NATIONS RECOVERY CENTER, INC.

**Plaintiff:**

_____

By:
Its,
Dated:  August ___, 2013

_____
SHIRLEY T. BURTON
Dated:  August 30, 2013

**Attorneys for Defendant:**
MEL S. HARRIS & ASSOCIATES, LLC

**Attorneys for Plaintiff:**
LAW OFFICE OF WILLIAM F. HORN

_____

_____
William F. Horn, Esq.
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003
E-Mail: bill@wfhlegal.com
Dated:  August 30, 2013

Arthur Sanders, Esq.
5 Hanover Square, 8th Floor
New York, N.Y. 10004
Telephone: (212) 660-1050
Facsimile: (646) 454-2104
E-Mail: asanders@melharrislaw.com
Dated:  August ___, 2013

LAW OFFICES OF SHIMSHON WEXLER, P.C.

_____
Shimshon Wexler, Esq.
P.O. Box 250870
New York, NY 10025
Telephone: (212) 760-2400
Facsimile:  (917) 512-6132
E-Mail: shimshonwexler@yahooo.com
Dated:  August 30, 2013

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ———————————————— x | |
| SHIRLEY T. BURTON, on behalf of plaintiff and the class defined herein, | CASE NO.: 1:13-cv-1426-BMC |
| Plaintiffs, | |
| vs. | |
| NATIONS RECOVERY CENTER, INC.; ATLANTIC CREDIT & FINANCE SPECIAL FINANCE UNIT III, LLC | **NOTICE OF CLASS ACTION SETTLEMENT** |
| Defendants. | |
| ———————————————— x | |

**If you received a collection letter from Nations Recovery Center, Inc., you may benefit from this class action settlement.**

*The case is titled Shirley T. Burton v. Nations Recovery Center, Inc., E.D.N.Y. Case No.1:13-cv-1426-BMC. A Federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.**
**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **RETURN A CLAIM FORM BY _____, 2013** | By returning a completed claim form by _____, 2013 you will remain in the Class and you will be entitled to receive a settlement check from the settlement fund. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement but will not receive a share of the settlement fund. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal claims against the Defendant. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

### 1. Why did I get this notice?

You are receiving this notice because you were identified as a person for whom Defendant, Nations Recovery Center, Inc. ("Defendant" or "Nations Recovery") sent a collection letter between March 15, 2012, and ending on April 4, 2013, which letter stated, states "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC."

### 2. What is this lawsuit about?

This lawsuit claims that Nations Recovery violated the federal Fair Debt Collection Practices Act ("FDCPA") by sending consumers a collection letter, which stated the following: "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC." The lawsuit alleges that the foregoing statement falsely identifies the creditor of the alleged debt and, therefore, violates the FDCPA. Nations Recovery filed an answer to the lawsuit denying that this language violates that FDCPA.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Shirley T. Burton), sue on behalf of a group (or a "Class") of people who have similar claims regarding the same collection letter used by Nations Recovery in an attempt to collect a debt.

### 4. Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the Parties reached a settlement agreement as to Plaintiff's and the Class's claims.

### 5. How do I know if I am a part of the settlement?

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> (a) all persons with addresses in the State of New York (b) to whom Defendant mailed a collection letter in the form attached as *Exhibit A* to Plaintiff's complaint (c) which states "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC" (d) made in connection with Defendant's attempt to collect a debt (e) during a period beginning on March 15, 2012, and ending on April 4, 2013.

Nations Recovery estimates that, based on its electronic records, there are 335 people in the Class. According to Nations Recovery's records, you are a Class member.

## YOUR BENEFITS UNDER THE SETTLEMENT

### 6. What can I get from the settlement?

If you postmark and return a claim form by _____, 2013 to **First Class, Inc.** you will be entitled to a pro rata share of the Class Recovery. The Class Recovery will be $15,000.00. If all 335 Class members return a claim form, which is unlikely, each claimant will receive about $44.78. Class Counsel expects that between 10-20% of the Class members will return a claim form and that each claimant will likely receive between $441.18 and $223.88. No Class member is eligible to receive more than one check for their share of the Class Recovery.

### 7. When will I receive these benefits?

You will receive these benefits approximately 30-45 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

### 8. I want to be a part of the settlement. What do I do?

By _____, 2013, you need to complete, postmark and mail to First Class, Inc. the claim form at the end of this notice.

### 9. What am I giving up if I remain in the settlement?

By staying in the Class, all of the Court's orders will apply to you, and you give Defendant a "release." A release means you cannot sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit with respect to the prerecorded message at issue in the Complaint.

### 10. How much will the Class Representative receive?

The Plaintiff, Shirley T. Burton, will receive a payment of $1,000.00 for her individual statutory damages under the FDCPA *plus* an additional payment of $1,500.00 for her services to the Class members. This payment subject to the Court's Approval.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the settlement, but you want to keep your legal claims against the Defendant, then you must take steps to exclude yourself from this settlement.

| 11. How do I get out of the settlement? |
| --- |

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Shirley T. Burton v.Nations Recovery Center, Inc.*, E.D.N.Y. Case No. 1:13-cv-1426-BMC. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than _____, 2013,** to:

Class Counsel:

| | |
| --- | --- |
| William F. Horn, Esq. | Shimshon Wexler, Esq. |
| LAW OFFICE OF WILLIAM F. HORN | LAW OFFICES OF SHIMSHON WEXLER, P.C. |
| 188-01B 71st Crescent | P.O. Box 250870 |
| Fresh Meadows, New York 11365 | New York, New York 10025 |
| Telephone: (718) 785-0543 | Telephone: (212) 760-2400 |
| Facsimile: (866) 596-9003 | Facsimile: (917) 512-6132 |
| E-Mail: bill@wfhlegal.com | E-Mail: shimshonwexler@yahoo.com |

*-- AND --*

Defendant's Counsel:

Arthur Sanders, Esq.
MEL S. HARRIS & ASSOCIATES, LLC
5 Hanover Square, 8th Floor
New York, New York 10004
Facsimile: (646) 454-2104

| 12. If I exclude myself, do I still receive benefits from this settlement? |
| --- |

No, you still will not receive anything resulting from the settlement, but you will have the right to sue Nations Recovery over the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

# THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

The Court has named William F. Horn and Shimshon Wexler as Class Counsel. You will not be charged for these lawyers; however, they will receive a payment from the Defendant in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by _____, **2013**.

## 14. How will the lawyers be paid?

Nations Recovery agrees that Plaintiff is the successful party and entitled to an award of reasonable attorneys' fees, costs, and expenses payable from Nations Recovery in an amount to be determined or approved by the Court. The award is in addition to, and shall in no manner reduce, the amount of benefits due the class. Class Counsel intends to file an application for attorneys' fees, costs, and expenses through Final Judgment. The attorneys' fees and costs will be paid by Nations Recovery and will not be taken out of the class settlement fund.

# CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

## 15. Is this a fair settlement?

Class Counsel believes that this settlement is fair. The claim asserted on behalf of the Class against Nations Recovery is under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 or $1,000.00. Plaintiff's complaint does not allege any actual damages. In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

In this case, the Class recovery of $15,000.00 will be divided between those of the 10,000 Class members who submit a timely claim form. Class Counsel expects that approximately 10-20% of the Class members will return a claim form and that claimants will receive between approximately $441.18 and $223.88.

## 16. What is the Defendant's view of this settlement?

As stated above, by settling this lawsuit, Nations Recovery is not admitting it has done anything wrong. Nations Recovery expressly denies the claims asserted by the Plaintiff and denies all allegations of wrongdoing and liability.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 16. How do I tell the Court that I do not like the Settlement? |
| --- |

If you are a Class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Shirley T. Burton v. Nations Recovery Center, Inc.*, E.D.N.Y. Case No. 1:13-cv-1426-BMC, your name, address, telephone number, and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18). You must mail your objection so that it is postmarked no later than _____, **2013** to**:**

> Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.

You must also send a copy of your objection to:

Class Counsel:

William F. Horn, Esq.
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003
E-Mail: bill@wfhlegal.com

Shimshon Wexler, Esq.
LAW OFFICES OF SHIMSHON WEXLER, P.C.
P.O. Box 250870
New York, New York 10025
Telephone: (212) 760-2400
Facsimile:   (917) 512-6132
E-Mail: shimshonwexler@yahoo.com

***-- AND --***

Defendant's Counsel:

Arthur Sanders, Esq.
MEL  S. HARRIS & ASSOCIATES, LLC
5 Hanover Square, 8th Floor
New York, New York 10004
Facsimile:  (646) 454-2104

# THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

| 17. Where and when is the fairness hearing? |
| --- |

The Court will hold a fairness hearing on _____, **2013 at _____a.m./p.m.** in the courtroom of the Honorable Brian M. Cogan, U.S. District Court Judge, 225 Cadman Plaza East, Courtroom 8D S, Brooklyn, New York 11201. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION – CONTACT:

Class Counsel:

William F. Horn, Esq.
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003
E-Mail: bill@wfhlegal.com

Shimshon Wexler, Esq.
LAW OFFICES OF SHIMSHON WEXLER, P.C.
P.O. Box 250870
New York, New York 10025
Telephone: (212) 760-2400
Facsimile:   (917) 512-6132
E-Mail: shimshonwexler@yahoo.com

<u>**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE**</u>

<u>**LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.**</u>

<u>They are not permitted to answer your questions.</u>

## PROOF OF CLAIM FORM

**RE:** *Shirley T. Burton v. Nations Recovery Center, Inc., E.D.N.Y. Case No.1*:13-cv-1426-BMC.


**I WISH TO RECEIVE A SHARE OF THE SETTLEMENT.
IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE
_____, 2013 AND MAILED TO THE FOLLOWING ADDRESS:**

FIRST CLASS, INC.
5410 W Roosevelt Rd Ste 222
Chicago, IL 60644-1479

**PLEASE LEGIBLY PRINT THE FOLLOWING INFORMATION:**

**NAME:**                              _____

**MAILING ADDRESS:**             _____

                                       _____



**IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT
ADDRESS, PLEASE NOTE THE ADDRESS HERE:**

_____

_____



**SIGNATURE:**        _____

8

# EXHIBIT "2"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

———————————————————————— x
                                                      :
SHIRLEY T. BURTON, on behalf of plaintiff             :      CASE NO.: 1:13-cv-1426-BMC
and the class defined herein,                         :
                                                      :
                                                      :
                          Plaintiffs,                 :
                                                      :
                                                      :
           vs.                                        :      **PRELIMINARY APPROVAL ORDER**
                                                      :
NATIONS RECOVERY CENTER, INC.;                        :
ATLANTIC CREDIT & FINANCE SPECIAL                     :
FINANCE UNIT III, LLC                                 :
                                                      :
                          Defendants.                 :
———————————————————————— x

The Court, having considered the Parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, SHIRLEY T. BURTON ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, NATIONS RECOVERY CENTER, INC. ("Defendant").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

      A.     The Settlement Class is so numerous that joinder of all members is impracticable;

      B.     There are questions of law and fact common to the proposed Settlement Class.

      C.     The individual claims of Plaintiff are typical of the claims of the Settlement Class;

      D.     Plaintiff is an appropriate and adequate representative for the Settlement Class;

      E.     The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

      F.     A class action is superior to other methods for fairly and efficiently settling this

controversy;

G.    With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, William F. Horn and Shimshon Wexler, will fairly and adequately represent the interests of the Settlement Class;

H.    With respect to the proposed Agreement, after consideration of the Agreement attached as ***Exhibit A*** to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I.    and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1.    Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

(a)    defines the "Settlement Class" as (i) all persons with addresses in the State of New York (ii) to whom Defendant mailed a collection letter in the form attached as *Exhibit A* to Plaintiff's complaint (iii) which states "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC" (iv) made in connection with Defendant's attempt to collect a debt (v) during a period beginning on March 15, 2012, and ending on April 4, 2013.

(b)    defines the "Class Claims" as those claims arising from Defendant's collection letter attached as *Exhibit A* to Plaintiff's complaint in this action [Doc. 1], wherein Defendant advises consumers that the creditor of their alleged debt is "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital

2

One, N.A. Assignee from HSBC;"

(c)      appoints Plaintiff as the Class Representative; and

(d)      appoints Plaintiff's counsel, William F. Horn and Shimshon Wexler, as Class Counsel.

2.      The Court approves the Parties' proposed Class Notice and directs it be mailed to the last known address of the Settlement Class Members as shown in Defendant's business records. Plaintiff will cause the Class Notice to be mailed to Settlement Class members on or before _____, 2013 (thirty (30) days after entry of the preliminary approval order). Plaintiff will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3.      The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4.      Settlement Class members shall have until _____, 2013 (the first business day after the 45th day after the initial mailing of the Class Notice) to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the

3

objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a settlement. To be effective, the request for exclusion or objection must be postmarked by _____, 2013.

5.    In order to receive a portion of the cash payment under the settlement, the Settlement Class members must complete, return to the settlement administrator, and postmark a claim form by _____, 2013 (the first business day after the 45th day after the initial mailing of the class notice). The claim form will be sent with the Class Notice.

6.    Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

7.    A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on _____, 2013 at _____ a.m.


**IT IS SO ORDERED:**


_____
HONORABLE BRIAN M. COGAN
Judge, United States District Court

Dated:

# EXHIBIT "3"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

———————————————————————— x

SHIRLEY T. BURTON, on behalf of plaintiff :
and the class defined herein, :
:
:
Plaintiffs, :
:
:
vs. :
:
:
NATIONS RECOVERY CENTER, INC.; :
ATLANTIC CREDIT & FINANCE SPECIAL :
FINANCE UNIT III, LLC :
:
:
Defendants. :

———————————————————————— x

CASE NO.: 1:13-cv-1426-BMC

**FINAL APPROVAL ORDER**

       Upon consideration of the Parties' request for final approval of the Class Settlement

Agreement ("Agreement") between Plaintiff, SHIRLEY T. BURTON ("Plaintiff"), individually,

and as representative of the class of persons defined below ("Settlement Class"), and Defendant,

NATIONS RECOVERY CENTER, INC. ("Defendant"), the Court orders and finds as follows:

       1.     This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff,

Settlement Class members, and Defendant.

       2.     The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

       (a) all persons with addresses in the State of New York (b) to whom Defendant
mailed a collection letter in the form attached as *Exhibit A* to Plaintiff's complaint
(c) which states "Atlantic Credit & Finance Special Finance Unit III, LLC" above
the words "Re: Capital One, N.A. Assignee from HSBC" (d) made in connection
with Defendant's attempt to collect a debt (e) during a period beginning on March
15, 2012, and ending on April 4, 2013.

       3.     Based on the Parties' stipulations: (A) the Settlement Class as defined is

sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact

predominate over any questions affecting only individual Settlement Class members, and

included whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§

1692, *et seq.* by sending standardized collection letters to the Plaintiff and Settlement Class members which letters contained alleged false identification of the consumer's creditor; (C) the claim of Plaintiff is typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, the William F. Horn and Shimshon Wexler, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4.      The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately _____Settlement Class members by First Class, Inc., the third-party settlement administrator. A total of _____envelopes were returned by the United States Postal Service, _____of which were returned with forwarding addresses and re-mailed. _____ Settlement Class members requested exclusion, and _____objections were filed or received. A total of _____Settlement Class members timely returned the proof of claim form and are entitled to a share of the monetary benefits of the settlement.

5.      On _____, 2013, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited. Excluded from the Settlement Class are those persons, identified in <u>Exhibit A</u> hereto, who timely and validly requested exclusion.

6.      The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7.      The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by

Defendant. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments:

(a)     Defendant will create a class settlement fund of $15,000.00 ("Class Recovery"), which Class Counsel will distribute *pro rata* among those Settlement Class Members who do not exclude themselves and who timely return a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to the New York Legal Assistance Group, which is located at 7 Hanover Square, 18th Floor, New York, New York 10004.

(b)     Defendant shall pay Plaintiff $2,500.00.

(c)     Class Counsel will receive attorneys' fees and costs in the amount of $_____. Class Counsel will not request additional fees or costs from Defendant or the Settlement Class members.

8.     The Parties grant the following releases:

(a)     Plaintiff, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Defendant, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendant's collection activity.

(b)     Each member of the Settlement Class who did not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability and claims including the payment of attorney's fees and costs arising from or relating to Defendant's collection letter that is attached as *Exhibit A* to Plaintiff's complaint in this action [Doc. 1].

(c)     Plaintiff and each Settlement Class member DO NOT release any defense they may have with respect to the underlying debts which Defendant was attempting to collect, including (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of any debts to credit bureaus.

(d)     Defendant does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their debts. The underlying debts Defendant sought to collect are not unaffected by the Agreement. The Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Settlement Class members.

9.      The Court finds the Agreement is fair and made in good faith.

10.     The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11.     The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12.     The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

13.     The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**IT IS SO ORDERED:**


_____
HONORABLE BRIAN M. COGAN
Judge, United States District Court

Dated: