# Law Office of William F. Horn

188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: 718.785.0543
Facsimile: 866.596.9003
bill@wfhlegal.com

September 9, 2013

Hon. Brian M. Cogan, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:** ***Shirley T. Burton v. Nations Recovery Center, Inc., et al.***
E.D.N.Y. Case No. 1:13-cv-01426-BMC

Dear Judge Cogan,

I am co-counsel of record for Plaintiff in the referenced action. I write pursuant to the Court's Order dated September 3, 2013, which directed the Parties to submit a joint letter informing the Court "when and how the parties ascertained the defendant's net worth for purposes of settlement, and attach documentation supporting such valuation." The requested information is set forth below.

On May 6, 2013, Plaintiff served Defendant, Nations Recovery Center, Inc. ("Defendant") with her initial sets of Interrogatories, Requests for Admissions, and Requests for Production of Documents all of which are collectively attached hereto as ***Exhibit A***. On May 29, 2013, Defendant served its responses to Plaintiff's Requests for Admissions a copy of which are attached hereto as ***Exhibit B***. Defendant's Responses to Requests for Admissions were verified by its President and sole-shareholder, Paul Batallion. [*Id.*].

In its Responses to Requests for Admissions, Defendant denied having a net worth in excess of $500,000.00. [***Exhibits A & B*** at No. 5]. On June 7, 2013, in response to Request for Production No. 14, Defendant produced a copy of its reviewed financial statements for the year concluding December 31, 2011, which is attached hereto as ***Exhibit C***; it also produced its internally prepared balance sheet for the year ending December 31, 2012, a copy of which is attached hereto as ***Exhibit D***. On July 1, 2013, Defendant supplemented its production with a copy of its reviewed financial statements for the year ending December 31, 2012, which is attached hereto as ***Exhibit E***.

Defendant's 2011 financial statements indicated that its net worth in 2011 was $200,503.00. [See, ***Exhibit C***]. Defendant's 2012 reviewed financial statement indicated its year-over-year net worth slightly increased to $206,434; however, there was a shareholder distribution of $1,597,993.97 made in 2012 to Mr. Batallion, which drastically reduced Defendant's stated net worth. [See, ***Exhibit E***].

Hon. Brian M. Cogan, U.S.D.J.
***Burton v. Nations Recovery Center, Inc.***
September 9, 2013
Page 2

Without accounting for the foregoing distribution to Mr. Batallion, Defendant's net worth in 2012 was $206,434. Thus, pursuant to 15 U.S.C. §1692k(a)(2)(B)(ii), the maximum available class damages would have been $2,064.34.

That said, Defendant had informally indicated to Plaintiff during discovery that Mr. Batallion was solely responsible for drafting and approving the collection letter at issue in this lawsuit [Doc. 1, Exh. A], which Plaintiff contends violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. Where a shareholder, officer, or employee of a corporation is personally involved in the debt collection at issue, he may be held personally liable as a debt collector without piercing the corporate veil. See e.g., *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405, n.29 (3d Cir. 2000) ("individuals who exercise control over the affairs of a business may be held liable under the FDCPA for the business' actions); *Krapf v. Prof'l Collection Servs.*, 525 F. Supp. 2d 324, 327 (E.D.N.Y. 2007); *Teng v. Metropolitan Retail Recovery, Inc.*, 851 F. Supp. 61, 67 (E.D.N.Y. 1994); *Herzlinger v. Nichter*, 2011 U.S. Dist. LEXIS 42133, *26 (S.D.N.Y. 2011); *Ostrander v. Accelerated Receivables*, 2009 U.S. Dist. LEXIS 27321, *7 (W.D.N.Y. 2009).

In view of Mr. Batallion's individual liability, Plaintiff advised Defendant of her intent to seek leave to join Mr. Batallion as a defendant. Defendant disputed that Mr. Batallion was a proper defendant or that his net worth could be used in conjunction with calculating damages. At this point, however, the Parties were engaged in substantive discussions to resolve the case on a class basis. Accordingly, in the interest of judicial economy, Plaintiff agreed she would not seek to join Mr. Batallion if Defendant agreed to add his 2012 shareholder distribution back into Defendant's 2012 net worth, which would have resulted in the maximum class damages being $18,044.28. Initially, Defendant rejected this proposal, but after several discussions, the Parties ultimately reached a compromise whereby Defendant agreed to pay $15,000.00 in class damages.

The Parties hope that the above-referenced information and attached documentation is helpful to the Court in its ruling on their pending motion for class certification.

Respectfully submitted,
*s/William F. Horn*
William F. Horn
*via ECF Filing Only*
*Encl:stated*

cc:     All Counsel of Record *via ECF Filing*

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SHIRLEY T BURTON, on behalf of herself
and the class

                    Plaintiff,                        Case No.: 13-cv-1426 (BMC)

      v.

NATIONS RECOVERY CENTER, INC. and
ATLANTIC CREDIT & FINANCE SPECIAL
FINANCE UNIT III, LLC

                    Defendant.
--------------------------------------------------------X

## PLAINTIFF'S FIRST DISCOVERY REQUESTS TO
## NATIONS RECOVERY CENTER, INC.

      Plaintiff, Shirley T Burton, hereby requests that Defendant, Nations Recovery

Center, Inc. (Nations Recovery) respond to the following requests for admission, interrogatories,

and requests for document production.  Documents should be copied and sent to Plaintiff's

counsel on the date your response is due.

      Throughout this request:

      1.      Unless otherwise specified in a particular paragraph, the time period

covered by this request is March 15th, 2012 to the present.

      2.      If you are declining to produce any document or respond to any paragraph

in whole or in part because of a claim of privilege, please:

            (a) identify the subject matter, type (e.g., letter, memorandum), date, and
author of the privileged communication or information, all persons that
prepared or sent it, and all recipients or addressees;

            (b) identify each person to whom the contents of each such
communication or item of information have heretofore been disclosed,
orally or in writing;

(c) state what privilege is claimed; and

(d) state the basis upon which the privilege is claimed.

3.     If any document requested was, but no longer is, in your possession or subject to your control, please state:

(a) the date of its disposition;

(b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and

(c) an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit 1.

If any paragraph of these requests is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## I. <u>REQUESTS FOR ADMISSION</u>

1.     There are more than 40 (a) all natural persons with New York addresses (b) who were sent a document in the form represented by Exhibit A (c) where the letter stated "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "RE: CAPITAL ONE, N.A. ASSIGNEE FROM HSBC (d) on or after March 15th, 2012 and (e) on or before April 4th, 2013.

2.     There are more than 100 (a) all natural persons with New York addresses (b) who were sent a document in the form represented by Exhibit A (c) where the letter stated "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "RE:

CAPITAL ONE, N.A. ASSIGNEE FROM HSBC (d) on or after March 15th, 2012 and (e) on or before April 4th, 2013.

3.      There are more than 500 (a) all natural persons with New York addresses (b) who were sent a document in the form represented by Exhibit A (c) where the letter stated "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "RE: CAPITAL ONE, N.A. ASSIGNEE FROM HSBC (d) on or after March 15th, 2012 and (e) on or before April 4th, 2013.

4.      There are more than 1,000 (a) all natural persons with New York addresses (b) who were sent a document in the form represented by Exhibit A (c) where the letter stated "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "RE: CAPITAL ONE, N.A. ASSIGNEE FROM HSBC (d) on or after March 15th, 2012 and (e) on or before April 4th, 2013.

5.      Nations Recovery's net worth is more than $500,000.

6.      Nations Recovery's net worth is more than $1,000,000.

7.      Nations Recovery's net worth is more than $10,000,000.

8.      Nations Recovery's net worth is more than $50,000,000.

9.      Plaintiff Shirley T Burton is a consumer as defined at 15 USC 1692a(3).

10.     The obligation due Atlantic Credit is a "debt" as defined at 15 USC 1692a(5).

11.     Defendant Nations Recovery is engaged in the business of consumer debts and regularly attempts and collects consumer debts allegedly owed to another and is a "debt collector" as defined at 15 USC 1692a(6).

12.     Defendant Nations Recovery mailed the letter attached to Plaintiff's Complaint as Exhibit A.

13.     Defendant Nations Recovery caused to be mailed the letter attached to Plaintiff's Complaint as Exhibit A.

14.     The letter attached as Exhibit A to Plaintiff's complaint was the initial collection letter to plaintiff from Nations Recovery.

15.     No other collection letters from Nations Recovery were mailed to plaintiff within 5 days of the letter attached as Exhibit A to Plaintiff's Complaint.

16.     A consumer would be reasonable in believing that the creditor to whom the debt is owed based on the contents of the letter attached as Exhibit A to the Plaintiff's complaint is Capital One, N.A.

17.     A consumer would be reasonable in believing that the creditor to whom the debt is owed based on the contents of the letter attached as Exhibit A to the Plaintiff's complaint is Capital One, N.A. assignee from HSBC.

18.     The least sophisticated consumer would be reasonable in believing that the creditor to whom the debt is owed based on the contents of the

4

letter attached as Exhibit A to the Plaintiff's complaint is Capital One, N.A. assignee from HSBC.

19.    The least sophisticated consumer would be reasonable in believing that the creditor to whom the debt is owed based on the contents of the letter attached as Exhibit A to the Plaintiff's complaint is Capital One, N.A.

20.    The least sophisticated consumer would be reasonable in believing that the creditor to whom the debt is owed based on the contents of the letter attached as Exhibit A to the Plaintiff's complaint is Atlantic Credit & Finance Special Finance Unit III, LLC.

21.    A consumer would be reasonable in believing that the creditor to whom the debt is owed based on the contents of the letter attached as Exhibit A to the Plaintiff's complaint is Atlantic Credit & Finance Special Finance Unit III, LLC.

22.    Nations Recovery does not maintain procedures reasonably adapted to insure that "the creditor to whom the debt is owed" is identified clearly as required by 15 USC 1692g.

23.    Nations Recovery does not maintain procedures reasonably adapted to insure that its letters comply with the requirement of 15 USC 1692g.

24.    Nations Recovery is sorry that it sent out the letter attached as Exhibit A to plaintiff's complaint.

5

25.    In sending out the letter attached as Exhibit A to the complaint,

Nations Recovery acted within the scope of their authority from Atlantic

Credit.

26.    Atlantic Credit approved of the letter attached as Exhibit A to the

complaint that Nations Recovery sent.

## II. <u>INTERROGATORIES</u>

1.    Identify all documents transmitted to plaintiff in an effort to collect the

debt described in <u>Exhibit A</u>.

2.    Describe the procedures followed in the preparation and mailing of letters

in the form of <u>Exhibit A</u> to debtors.

3.    State the name, address, title and job description of any persons who

determine which debtors are sent letters in the form of <u>Exhibit A</u>.

4.    State whether information regarding your accounts is retrievable by

computer and, if so, each field by which data is searchable or retrievable. State whether your

computers can determine:

(a) the names of debtors sent letters in the form of  <u>Exhibit A</u> where the letter stated "Atlantic

Credit & Finance Special Finance Unit III, LLC" above the words "RE: CAPITAL ONE, N.A.

ASSIGNEE FROM HSBC" on or after March 15th, 2012 and on or before April 4th, 2013,

(b) the addresses of debtors sent debt collection letters in the form of <u>Exhibit A</u>,

(c) the dates debt collection letters in the form of <u>Exhibit A</u> were mailed to debtors, and

6

(d) information regarding defendant's accounts and each field by which data is searchable or retrievable.

5.       State the number of (quantity of), and name and address for, each (a) natural person with a New York address (b) who was sent a document in the form represented by <u>Exhibit A</u> (c) where the letter stated "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "RE: CAPITAL ONE, N.A. ASSIGNEE FROM HSBC" on or after March 15th, 2012 and on or before April 4th, 2013

6.       If you contend that any of the persons who are described in the last interrogatory incurred the debts sought to be collected for business purposes, identify the persons and state the facts upon which you base your contention.

7.       State the net worth of Nations Recovery and whether its financial statements are audited. Nations Recovery's financial statements are not audited, identify all credit applications and financial statements issued or submitted by defendants in the last 3 years.

8.       Describe the relationship that Atlantic has with Nations Recovery Center, Inc.

9.       State the position of Brian Wilson who signs the letter as Account Manager attached as exhibit A to plaintiff's complaint.

10.      With respect to each expert whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and

opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

11.     Describe all document destruction and retention policies of Nations Recovery.

12.     If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis of your denial.

13.     Please state the degree and exact nature of the control that was exercised over Nations Recovery by Atlantic Credit.

### III. **REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce:

1.     All documents transmitted to plaintiff with respect to the alleged debt of plaintiff either by Atlantic Credit or by Nations Recovery Center, Inc.

2.     All documents relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

3.     All of Nations Recovery's account notes having to do with plaintiff.

4.     All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to ensuring compliance with the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

5.     All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to the

8

compliance with the consumer's right to receive the name of the creditor to whom the debt is owed as described at 15 U.S.C. §1692ga(2).

6.     All documents relating to any complaint, criticism or inquiry, by any person, concerning defendants' compliance with the FDCPA, or state statutes regulating debt collection activities, with respect to the sending of letters in the form of <u>Exhibit A</u>.

7.     All documents (irrespective of date) that discuss or relate to Nations Recovery's compliance or lack of compliance with the FDCPA by sending of letters in the form of <u>Exhibit A</u> to debtors.

8.     All agreements between Atlantic Credit and Nations Recovery Center, Inc. authorizing Nations Recovery Center, Inc. to conduct collection activities for Atlantic Credit with respect to plaintiff .

9.     The organizational chart of Nations Recovery.

10.     A List of the directors and officers of Nations Recovery.

11.     All agreements between the defendant Nations Recovery Center, Inc. and Atlantic Credit.

12.     Nations Recovery's minute book and record of equity interests in it.

13.     All documents setting forth Nations Recovery's document destruction and retention policies.

14.     Nations Recovery's annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

15.     All credit applications or financial statements of Nations Recovery issued within the last 3 years.

16.     All proposals and bids Nations Recovery submitted to governmental agencies which describe Atlantic's business.

17.     One copy of each different form letter Nations Recovery directly or through an agent sends to debtors that states ""Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "RE: CAPITAL ONE, N.A. ASSIGNEE FROM HSBC" substantially similar to the letter attached as Exhibit A to Plaintiff's complaint.

18.     The complete file, including but not limited to computer information, for all (a) all natural persons with New York addresses (b) who were sent a document in the form represented by Exhibit A (c) where the letter stated "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "RE: CAPITAL ONE, N.A. ASSIGNEE FROM HSBC" on or after March 15th, 2012 and on or before April 4th, 2013.


_____

Shimshon Wexler


Shimshon Wexler
THE LAW OFFICES OF SHIMSHON WEXLER, P.C.
PO Box 250870
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com

10

**INSTRUCTIONS AND DEFINITIONS**                                **Exhibit 1**

## Definitions

A.      The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand:  ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media.  Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B.      References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C.      "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D.      "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E.      "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F.      "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G.      "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone

12

conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

        H.    "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

## Instructions

        1.    All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

        2.    To the extent any paragraph is objected to, please set forth all reasons for your objection.

        3.    If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

        4.    Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

        5.    The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

        6.    To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

        7.    "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

        8.    If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

## CERTIFICATE OF SERVICE

I, Shimshon Wexler, certify that on _May 6th_, 2012, a copy of this document was sent via email and U.S. mail to the following party:


Arthur Sanders, Esq.
Mel S. Harris and Associates, LLC
5 Hanover Square, 8th Floor
New York, N.Y. 10004
212-660-1050
Fax-646-454-2104
asanders@melharrislaw.com


Shimshon Wexler

14

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------x
SHIRLEY T BURTON,

                          Plaintiff,          **Defendant, NATIONS RECOVERY**

    -against-                           **CENTER'S Responses to**
                                          **Plaintiff's First Request**
                                          **For Admissions**
                                          13 cv 1426

NATIONS RECOVERY CENTER, INC AND ATLANTIC
CREDIT & FINANCE SPECIAL FINANCE UNIT
III, LLC,
              Defendant(s).

-------------------------------------------x

     Defendant, **NATIONS RECOVERY CENTER, INC,** by its attorney Mel S. Harris

and  Associates,  LLC,  answers  responds  to  plaintiff's  request  for

admissions as follows:

                Response No. 1:  Admit.
                Response No. 2:  Admit.
                Response No. 3:  Admit.
                Response No. 4:  Deny.
                Response No. 5:  Deny.
                Response No. 6:  Deny.
                Response No. 7:  Deny.
                Response No. 8:  Deny.
                Response No. 9:  Admit.
                Response No. 10: Admit.
                Response No. 11: Admit.
                Response No. 12: Admit.
                Response No. 13: Admit.
                Response No. 14: Admit.
                Response No. 15: Admit.

     Response  No.  16:  Objection;  this  question  cannot  be  answered

without  subjective  analysis.   There  is  no  objective  way  to  answer

this question with an admission or a denial.

Response No. 17: Objection; this question cannot be answered without subjective analysis. There is no objective way to answer this question with an admission or a denial.

Response No. 18: Objection; this question cannot be answered without subjective analysis. There is no objective way to answer this question with an admission or a denial.

Response No. 19: Objection; this question cannot be answered without subjective analysis. There is no objective way to answer this question with an admission or a denial.

Response No. 20: Objection; this question cannot be answered without subjective analysis. There is no objective way to answer this question with an admission or a denial.

Response No. 21: Objection; this question cannot be answered without subjective analysis. There is no objective way to answer this question with an admission or a denial.

Response No. 22: Deny.

Response No. 23: Deny.

Response No. 24: Objection; this question cannot be answered with an admission or a denial.

Response No. 25: Admit.

Response No. 26: Deny.

Dated:    New York, NY
          May 29, 2013

                                    _____
                                    Arthur Sanders (AS1210)
                                    MEL S. HARRIS AND ASSOCIATES, LLC
                                    Attorneys for Defendants
                                    5 Hanover Square  - 8th Floor
                                    New York, NY  10004
                                    212-660-1050

TO:  Shimshon Wexler, Esq.
     The Law offices of Shimshon Wexler, PC
     P.O. Box 250870
     New York, NY 10025

     William F. Horn
     188-01B 71st Crescent
     Fresh Meadows, NY 11365

## VERIFICATION

STATE OF _Georgia_     )
                    : ss.:
COUNTY OF _DeKalb_    )


I, **PAUL BATAILLON**, being duly sworn, say:

I am the **PRESIDENT** of **NATIONS RECOVERY CENTER, INC.** the defendant in this action; I have read the annexed Responses to Plaintiff's First Set of Admissions, know the contents thereof and the same are true to my knowledge, except those matters therein which, are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief as to those matters therein not stated upon knowledge, is based upon the books and records of the company.


Sworn to before me this

_29_ day of _May_ 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------x
SHIRLEY T BURTON,

                              Plaintiff,          **CERTIFICATE OF SERVICE**

      -against-
                                                  13 cv 1426

NATIONS RECOVERY CENTER, INC AND ATLANTIC
CREDIT & FINANCE SPECIAL FINANCE UNIT
III, LLC,
                Defendant(s).

-----------------------------------------x


I hereby certify under the penalty of perjury that on May 30, 2013, I
caused to be served, by electronic mail, the within Defendant NATIONS
RECOVERY CENTER, INC.'s responses to plaintiff's request for admissions
upon:


      Shimshon Wexler, Esq.
      ShimshonWexler@yahoo.com
      The Law offices of Shimshon Wexler, PC
      P.O. Box 250870
      New York, NY 10025

      William F. Horn
      Bill@wfhlegal.com
      188-01B 71st Crescent
      Fresh Meadows, NY 11365


                                        _____
                                              Daphne Cedres
                        MEL S. HARRIS AND ASSOCIATES, LLC
                                          Legal Assistant
                          5 Hanover Square - 8th Floor
                                    New York, NY  10004

# EXHIBIT "C"

NATIONS RECOVERY CENTER, INC.

REVIEWED FINANCIAL STATEMENTS
Together With Independent Auditors' Report

DECEMBER 31, 2011

**PJC** GROUP, LLC

*CERTIFIED PUBLIC ACCOUNTANTS*

## INDEPENDENT AUDITORS' REPORT

To the Board of Directors
Nations Recovery Center, Inc.

We have reviewed the accompanying balance sheet of Nations Recovery Center, Inc. as of December 31, 2011, and the related statements of income and equity and cash flows for the year then ended. A review includes primarily applying analytical procedures to management's financial data and making inquiries of company management. A review is substantially less in scope than an audit, the objective of which is the expression of an opinion regarding the financial statements as a whole. Accordingly, we do not express such an opinion.

Management is responsible for the preparation and fair presentation of the financial statements in accordance with accounting principles generally accepted in the United States of America and for designing, implementing, and maintaining internal control relevant to the preparation and fair presentation of the financial statements.

Our responsibility is to conduct the review in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants. Those standards require us to perform procedures to obtain limited assurance that there are no material modifications that should be made to the financial statements. We believe that the results of our procedures provide a reasonable basis for our report.

Based on our review, we are not aware of any material modifications that should be made to the accompanying financial statements in order for them to be in conformity with accounting principles generally accepted in the United States of America.

*PJC Group, LLC*

August 22, 2012

## NATIONS RECOVERY CENTER, INC.
## BALANCE SHEET
## DECEMBER 31, 2011

### ASSETS

**Current Assets**

| | | |
|---|---|---:|
| Cash | $ | 855,627 |
| Accounts receivable-trade | | 136,452 |
| Loan to Stockholder | | - |
| Other assets | | 4,923 |
| Total Current Assets | | 997,002 |

Property and Equipment:

| | |
|---|---:|
| Furniture and equipment | 995,602 |
| Less accumulated depreciation | (938,476) |
| Net Property and Equipment | 57,126 |

| | | |
|---|---|---:|
| **TOTAL ASSETS** | $ | 1,054,128 |

### LIABILITIES AND EQUITY

**Current Liabilities**

| | | |
|---|---|---:|
| Notes Payable | $ | 59,996 |
| Client funds payable | | 793,629 |
| Total Current Liabilities | | 853,625 |

**Equity**

| | |
|---|---:|
| Common Stock | 2,000 |
| Retained Earnings | 198,503 |
| Total equity | 200,503 |

| | | |
|---|---|---:|
| **TOTAL LIABILITIES AND EQUITY** | $ | 1,054,128 |

## NATIONS RECOVERY CENTER, INC.
## STATEMENT OF INCOME AND RETAINED EARNINGS
## FOR THE YEAR ENDED DECEMBER 31, 2011

**REVENUES**

| | |
|---|---|
| Client collections,(net) | $ 9,150,032 |
| **TOTAL REVENUES** | 9,150,032 |

**EXPENSES**

| | |
|---|---|
| Selling | 6,999,850 |
| General and Administrative | 1,145,228 |
| Depreciation | 28,340 |
| **TOTAL EXPENSES** | 8,173,418 |
| **INCOME FROM OPERATIONS** | 976,614 |
| **OTHER INCOME** | 544 |
| **NET INCOME** | 977,158 |
| **BEGINNING RETAINED EARNINGS** | 290,527 |
| **STOCKHOLDERS DISTRIBUTIONS** | (1,069,182) |
| **ENDING RETAINED EARNINGS** | $   198,503 |

THE ACCOMPANYING NOTES ARE AN INTEGRAL PART OF THE FINANCIAL STATEMENTS

NATIONS RECOVERY CENTER, INC
STATEMENT OF CASH FLOWS
FOR THE YEAR ENDED DECEMBER 31, 2011

### CASH FLOWS FROM OPERATING ACTIVITIES

| | |
|---|---:|
| Net income | $    977,158 |
| Adjustments to reconcile change in net assets to net cash provided by operating activities: | |
| Depreciation | 28,340 |
| Increase in accounts receiveble | (12,843) |
| Decrease in loan to stockholder | 151,500 |
| Decrease in other assets | 17,623 |
| Increase in client funds payable | 50,763 |
| Net cash provided by operating activities | 1,212,541 |

### CASH FLOWS FROM INVESTING ACTIVITIES

| | |
|---|---:|
| Purchases of fixed assets | (82,927) |
| Net cash (used) provided by investing activities | (82,927) |

### CASH FLOWS FROM FINANCING ACTIVITIES

| | |
|---|---:|
| Increase in notes payable | 51,015 |
| Stockholder distributions | (1,069,182) |
| Net cash used by financing activities | (1,018,167) |
| Increase in cash and cash equivalents | 111,447 |
| Cash and cash equivalents - beginning of year | 744,180 |
| Cash and cash equivalents - end of year | $    855,627 |

**SUPPLEMENTAL DATA:**

| | |
|---|---:|
| Interest paid | $       291 |

THE ACCOMPANYING NOTES ARE AN INTEGRAL PART OF THE FINANCIAL STATEMENTS

**NATIONS RECOVERY CENTER, INC.**
**NOTES TO THE FINANCIAL STATEMENTS**
**DECEMBER 31, 2011**

## NOTE 1-ORGANIZATION

The company is in the business of collecting accounts receivable for various medical professionals and medical facilities such as, clinics, medical centers, etc. The primary purpose of the services provided by the company is that of acting as a mediator between the clients in which they serve and the individuals who have bad debts with these medical professionals and medical facilities.

## NOTE 2- SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES

### DEPRECIATION

Depreciation is computed by using the accelerated cost recovery method for financial reporting purposes and income taxes.

### ESTIMATES

The preparation of financial statements requires Nations Recovery Center's management to make estimates and assumptions that affect the reported amounts of assets and liabilities at the date of the financial statements. Actual results could differ from those estimates.

## NOTE 3- NOTES PAYABLE

Notes payable as of December 31, 2011 consist of a note payable to a financial institution for the purchase of an automobile. Due in monthly installments of $1,780.26 until June 1, 2014.

5

# EXHIBIT "D"

10:33 AM

06/06/13

Accrual Basis

# Nations Recovery Center, Inc,
## Balance Sheet
### As of December 31, 2012

|  | Dec 31, 12 |
|---|---|
| **ASSETS** |  |
| **Current Assets** |  |
| **Checking/Savings** |  |
| APPLIED CARD TRUST - 7886/9310 | 198,349.79 |
| APPLIED CARD TRUST - 7894/9329 | 92,856.37 |
| NRC DEBIT ACCOUNT- 4026 / 1043 | 820.95 |
| NRC OPERATING ACCOUNT-7456/7382 | 41,975.81 |
| NRC TRUST ACCOUNT - 7448/7374 | 367,565.97 |
| WFN TRUST ACCOUNT - 6883/0535 | 3,500.00 |
| **Total Checking/Savings** | 705,068.89 |
| **Total Current Assets** | 705,068.89 |
| **Fixed Assets** |  |
| **Accumulated Depreciation** | -43,620.08 |
| **Vehicles** | 120,946.93 |
| **Total Fixed Assets** | 77,326.85 |
| **Other Assets** |  |
| **Deposits** | 3,975.51 |
| **Note Receivable - Nation Group** | 8,518.01 |
| **Note Receivable -Core** | 45,000.00 |
| **Total Other Assets** | 57,493.52 |
| **TOTAL ASSETS** | 839,889.26 |
| **LIABILITIES & EQUITY** |  |
| **Liabilities** |  |
| **Current Liabilities** |  |
| **Other Current Liabilities** |  |
| **Client Funds Payable** | 697,599.00 |
| **Total Other Current Liabilities** | 697,599.00 |
| **Total Current Liabilities** | 697,599.00 |
| **Long Term Liabilities** |  |
| **Note Payable - BMW** | 30,028.66 |
| **Note Payable - Saaub** | 16,259.26 |
| **Total Long Term Liabilities** | 46,287.92 |
| **Total Liabilities** | 743,886.92 |
| **Equity** |  |
| **Common Stock** | 2,000.00 |
| **Retained Earnings 1/1** | 62,050.15 |
| **Shareholder Distribution** | -1,597,993.97 |
| **Net Income** | 1,629,946.16 |
| **Total Equity** | 96,002.34 |
| **TOTAL LIABILITIES & EQUITY** | 839,889.26 |

# EXHIBIT "E"

**NATIONS RECOVERY CENTER, INC.**

**REVIEWED FINANCIAL STATEMENTS**
**Together With Independent Auditor's Report**

**DECEMBER 31, 2012**

**NATIONS RECOVERY CENTER, INC.**

**REVIEWED FINANCIAL STATEMENTS**

**DECEMBER 31, 2012**

**TABLE OF CONTENTS**

| | Page |
|---|---|
| Independent Auditor's Report | 1 |
| Financial Statements | |
|     Balance Sheet | 2 |
|     Statement of Income and Retained Earnings | 3 |
|     Statement of Cash Flows | 4 |
|     Notes to the Financial Statements | 5 |

# PJC GROUP, LLC

**CERTIFIED PUBLIC ACCOUNTANTS**

## INDEPENDENT AUDITOR'S REPORT

To the Board of Directors
Nations Recovery Center, Inc.

We have reviewed the accompanying balance sheet of Nations Recovery Center, Inc. as of December 31, 2012, and the related statements of income and equity and cash flows for the year then ended. A review includes primarily applying analytical procedures to management's financial data and making inquiries of company management. A review is substantially less in scope than an audit, the objective of which is the expression of an opinion regarding the financial statements as a whole. Accordingly, we do not express such an opinion.

Management is responsible for the preparation and fair presentation of the financial statements in accordance with accounting principles generally accepted in the United States of America and for designing, implementing, and maintaining internal control relevant to the preparation and fair presentation of the financial statements.

Our responsibility is to conduct the review in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants. Those standards require us to perform procedures to obtain limited assurance that there are no material modifications that should be made to the financial statements. We believe that the results of our procedures provide a reasonable basis for our report.

Based on our review, we are not aware of any material modifications that should be made to the accompanying financial statements in order for them to be in conformity with accounting principles generally accepted in the United States of America.

PJC Group, LLC

Atlanta, Georgia
June 26, 2013

## NATIONS RECOVERY CENTER, INC.
## BALANCE SHEET
## DECEMBER 31, 2012

### ASSETS

**Current Assets**

| | | |
|---|---|---:|
| Cash | $ | 705,069 |
| Accounts receivable-trade | | 110,430 |
| Other assets | | 57,494 |
| Total Current Assets | | 872,993 |

Property and Equipment:

| | |
|---|---:|
| Furniture and equipment | 120,948 |
| Less accumulated depreciation | (43,620) |
| Net Property and Equipment | 77,328 |

| | | |
|---|---|---:|
| **TOTAL ASSETS** | $ | 950,321 |

### LIABILITIES AND EQUITY

**Current Liabilities**

| | | |
|---|---|---:|
| Notes Payable | $ | 46,288 |
| Client funds payable | | 697,599 |
| Total Current Liabilities | | 743,887 |

**Equity**

| | |
|---|---:|
| Common Stock | 2,000 |
| Retained Earnings | 204,434 |
| Total equity | 206,434 |

| | | |
|---|---|---:|
| **TOTAL LIABILITIES AND EQUITY** | $ | 950,321 |

**THE ACCOMPANYING NOTES ARE AN INTEGRAL PART OF THE FINANCIAL STATEMENTS**

## NATIONS RECOVERY CENTER, INC.
## STATEMENT OF INCOME AND RETAINED EARNINGS
## FOR THE YEAR ENDED DECEMBER 31, 2012

**REVENUES**

| | |
|---|---|
| Client collections,(net) | $ 10,294,539 |
| **TOTAL REVENUES** | 10,294,539 |

**EXPENSES**

| | |
|---|---|
| Selling | 7,635,441 |
| General and Administrative | 1,082,756 |
| Depreciation | 16,060 |
| **TOTAL EXPENSES** | 8,734,257 |
| **INCOME FROM OPERATIONS** | 1,560,282 |
| **OTHER INCOME** | 43,643 |
| **NET INCOME** | 1,603,925 |
| **BEGINNING RETAINED EARNINGS** | 198,503 |
| **STOCKHOLDERS DISTRIBUTIONS** | (1,597,994) |
| **ENDING RETAINED EARNINGS** | $     204,434 |

THE ACCOMPANYING NOTES ARE AN INTEGRAL PART OF THE FINANCIAL STATEMENTS

### NATIONS RECOVERY CENTER, INC
### STATEMENT OF CASH FLOWS
### FOR THE YEAR ENDED DECEMBER 31, 2012

**CASH FLOWS FROM OPERATING ACTIVITIES**

| | |
|---|---:|
| Net income | $ 1,603,925 |
| Adjustments to reconcile change in net assets to net cash provided by operating activities: | |
| Depreciation | 16,060 |
| Decrease in accounts receiveble | 26,002 |
| Increase in other assets | (52,571) |
| Decrease in client funds payable | (96,030) |
| Net cash provided by operating activities | 1,497,386 |

**CASH FLOWS FROM INVESTING ACTIVITIES**

| | |
|---|---:|
| Purchases of fixed assets | (36,242) |
| Net cash (used) provided by investing activities | (36,242) |

**CASH FLOWS FROM FINANCING ACTIVITIES**

| | |
|---|---:|
| Decrease in notes payable | (13,708) |
| Stockholder distributions | (1,597,994) |
| Net cash used by financing activities | (1,611,702) |

| | |
|---|---:|
| Increase in cash and cash equivalents | (150,558) |
| Cash and cash equivalents - beginning of year | 855,627 |
| Cash and cash equivalents - end of year | $   705,069 |

**SUPPLEMENTAL DATA:**

| | |
|---|---:|
| Interest paid | $      826 |

**THE ACCOMPANYING NOTES ARE AN INTEGRAL PART OF THE FINANCIAL STATEMENTS**

## NATIONS RECOVERY CENTER, INC.
## NOTES TO THE FINANCIAL STATEMENTS
## DECEMBER 31, 2012

### NOTE 1-ORGANIZATION

The company is in the business of collecting accounts receivable for various medical professionals and medical facilities such as, clinics, medical centers, etc. The primary purpose of the services provided by the company is that of acting as a mediator between the clients in which they serve and the individuals who have bad debts with these medical professionals and medical facilities.

### NOTE 2- SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES

### DEPRECIATION

Depreciation is computed by using the accelerated cost recovery method for financial reporting purposes and income taxes.

### ESTIMATES

The preparation of financial statements requires Nations Recovery Center's management to make estimates and assumptions that affect the reported amounts of assets and liabilities at the date of the financial statements. Actual results could differ from those estimates.

### NOTE 3- NOTES PAYABLE

Notes payable as of December 31, 2012 consist of a note payable to a financial institution for the purchase of an automobile, due in monthly installments of $1,780.26 until June 1, 2014. Also a note to a financial institution for the purchase of an automobile due in monthly installments of $629.97 until October 26, 2014.

### NOTE 4- SUBSEQUENT EVENTS

Subsequent events have been evaluated through June 26, 2013, which is the date the financial statements were available to be issued.

5