UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SHIRLEY T. BURTON, on behalf of plaintiff
and the class defined herein,

                         Plaintiffs,

              - against -

NATIONS RECOVERY CENTER, INC.;
ATLANTIC CREDIT & FINANCE SPECIAL
FINANCE UNIT III, LLC,

                        Defendants.
-------------------------------------------------------------- X

**PRELIMINARY APPROVAL ORDER OF CLASS SETTLEMENT AGREEMENT**

13 Civ. 1426 (BMC)

      The Court, having considered the Parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, SHIRLEY T. BURTON ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, NATIONS RECOVERY CENTER, INC. ("Defendant").

      **WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

1. The Settlement Class is so numerous that joinder of all members is impracticable;

2. There are questions of law and fact common to the proposed Settlement Class.

3. The individual claims of Plaintiff are typical of the claims of the Settlement Class;

4. Plaintiff is an appropriate and adequate representative for the Settlement Class;

5. The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

6. A class action is superior to other methods for fairly and efficiently settling this controversy;

7.  With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, William F. Horn and Shimshon Wexler, will fairly and adequately represent the interests of the Settlement Class;

8.  With respect to the proposed Agreement, after consideration of the Agreement attached as *Exhibit A* to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

9.  and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1.  Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    a)  defines the "Settlement Class" as (i) all persons with addresses in the State of New York (ii) to whom Defendant mailed a collection letter in the form attached as *Exhibit A* to Plaintiff's complaint (iii) which states "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC" (iv) made in connection with Defendant's attempt to collect a debt (v) during a period beginning on March 15, 2012, and ending on April 4, 2013.

    b)  defines the "Class Claims" as those claims arising from Defendant's collection letter attached as *Exhibit A* to Plaintiff's complaint in this action [Doc. 1], wherein Defendant advises consumers that the creditor of their alleged debt is "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC;"

2

    c)    appoints Plaintiff as the Class Representative; and

    d)    appoints Plaintiff's counsel, William F. Horn and Shimshon Wexler, as Class Counsel.

2. The Court approves the Parties' proposed Class Notice and directs it be mailed to the last known address of the Settlement Class Members as shown in Defendant's business records. Plaintiff will cause the Class Notice to be mailed to Settlement Class members on or before October 11, 2013 (thirty (30) days after entry of the preliminary approval order). Plaintiff will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3. The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Settlement Class members shall have until November 26, 2013 (the first business day after the 45th day after the initial mailing of the Class Notice) to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a

settlement. To be effective, the request for exclusion or objection must be postmarked by November 26, 2013.

5. In order to receive a portion of the cash payment under the settlement, the Settlement Class members must complete, return to the settlement administrator, and postmark a claim form by November 26, 2013 (the first business day after the 45th day after the initial mailing of the class notice). The claim form will be sent with the Class Notice.

6. Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

7. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on December 13, 2013 at 11:00 a.m. in Courtroom 8D South. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

8. All papers in support of final approval of the settlement shall be filed by December 6, 2013.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
September 11, 2013

4