# MEL S. HARRIS AND ASSOCIATES, LLC

| | | |
|---|---|---|
| MEL S. HARRIS | ATTORNEYS AT LAW | HILARY KORMAN |
| DAVID WALDMAN | 5 HANOVER SQUARE, 8th FLOOR | JOEL VAGO |
| ARTHUR SANDERS | NEW YORK, NY 10004 | SHELBY K. BENJAMIN |
| SCOTT WORTMAN | Tel: (212) 660-1050 | RACHEL D. HISLER |
| | Fax: (646) 454-2104 | |

October 31, 2013

HONORABLE BRIAN M. COGAN
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Shirley Burton v. Nations Recovery Center, Inc,
     Docket: 13-1426

Dear Judge Cogan:

This letter is written to address the last remaining issue in this case, attorney fees for plaintiff's counsel. A class has already been certified preliminarily, and a fairness hearing is scheduled for December 13, 2013. The class settlement agreement contains a provision whereby the parties agree to negotiate on good faith on the issue of attorneys' fees. It is defendant's position that plaintiff's counsel have refused any good-faith negotiation on this issue by refusing to provide any time records.

Approximately 1 month ago, plaintiff's counsel, William Horn, who is working with Shimshon Wexler, demanded mediation on the issue of attorney fees. The undersigned responded by suggesting that mediation could be avoided if counsel would turn over time records for defendant's review.

In my October 9th correspondence to plaintiff's counsel, I emphasized that defendant understands its obligation to pay plaintiff's counsel fees, as plaintiff is the prevailing party in this case. I also emphasized that it would be impossible to negotiate the amount of those fees without receiving any indication of the hours spent working on this case or the hourly rate charged by either Mr. Horn or Mr. Wexler.

(Continued)

Mr. Horn subsequently responded by indicating that he would be willing to forward his billing records if I agreed, in advance, to compensate him for his work in reviewing and preparing the billings for transmittal to my office.

Defendant does not agree that it should compensate plaintiff's counsel for some unspecified amount in preparing to send this office his fees. In fact, if the time records are contemporaneously kept, there should be little to adjust, edit or otherwise modify.

I communicated by e-mail with Mr. Horn and Mr. Wexler on October 17th and again on October 29th, but they have not responded to either e-mail.

I do not understand how defendant can be expected to negotiate plaintiff's attorneys' fees in good faith without being furnished with contemporaneous time records.

The defendant is anxious to conclude an agreement on this last, remaining issue in this case, but plaintiff's counsel has made such resolution impossible by failing to forward any time records regarding this case.

Defendant seeks an order compelling production of the time records of Shimshon Wexler and William Horn.

Thank you for your consideration.

Respectfully submitted,

_____
By: Arthur Sanders
MEL S. HARRIS & ASSOCIATES, LLC

AS/dac