# Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: 718.785.0543
Facsimile: 866.596.9003
bill@wfhlegal.com

December 6, 2013

Hon. Brian M. Cogan, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:   *Shirley T. Burton v. Nations Recovery Center, Inc., et al.*
              E.D.N.Y. Case No. 1:13-cv-01426-BMC

Dear Judge Cogan,

I am Class Counsel in the referenced action. As the Court is aware, today is the deadline for Plaintiff to submit her Motion for Final Approval of the Class Settlement. [Doc. 20, ¶8]. However, for the reasons set forth below, Plaintiff is unable to file her final approval motion as the class did not receive notice of the settlement as directed by the Court's Preliminary Approval Order. Accordingly, Plaintiff respectfully requests that the Court: (1) adjourn the Fairness Hearing; and (2) issue an Amended Preliminary Approval Order, which sets forth new dates for (a) service of the class notice; (b) Settlement Class members to return a claim form, opt-out of, or object to, the class settlement; (c) submission of Plaintiff's Motion for Final Approval; and (d) a hearing for final approval of the class settlement. My office has provided Defendant's counsel with a copy of this letter motion prior to filing and, under the circumstances set forth *infra*, Defendant consents to Plaintiff's herein request.

Pursuant to the Preliminary Approval Order, Plaintiff's counsel timely submitted the class notice and list of class members to First Class, Inc., who is the Third Party Class Administrator selected by the Parties to mail the notice and administer the settlement. Unfortunately, while First Class timely mailed the notice, due to an administrative oversight it erroneously mailed it to class members <u>in an unrelated case</u> and, therefore, ***not a single class member in this case received the notice***. Prior to, and during, the class notice period, Plaintiff's counsel has diligently communicated and followed-up with First Class to ensure all administrative duties were being performed. Notwithstanding Plaintiff's diligence, my office learned for the first time late yesterday afternoon of First Class's error related to mailing of the class notice. Attached hereto as ***<u>Exhibit A</u>***, is an affidavit from First Class, which sets forth a more detailed explanation of the facts underpinning their error.

Since yesterday, my office has communicated at length with First Class and they have informed us that they will, at no additional cost: (1) re-mail a revised class notice to the correct class members

Hon. Brian M. Cogan, U.S.D.J.
***Burton v. Nations recovery Center, Inc.***
December 6, 2013
Page 2

In view of the foregoing, Plaintiff respectfully requests that the Court "So Order" the attached Proposed Amended Preliminary Approval Order, which provides new dates for: (1) service of the class notice; (2) Settlement Class members to return a claim form, opt-out of, or object to, the class settlement; (3) submission of Plaintiff's Motion for Final Approval; and (4) a hearing for final approval of the class settlement.

Plaintiff thanks the Court for its consideration of the herein request and respectfully apologizes for any inconvenience First Class's error may have caused the Court.

Respectfully submitted,
*s/William F. Horn*
William F. Horn
*via ECF Filing Only*
cc:	All Counsel of Record *via ECF Filing*

Case 1:13-cv-01426-BMC   Document 24   Filed 12/06/13   Page 2 of 19 PageID #: 176

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

SHIRLEY T. BURTON, on behalf of plaintiff and
the class defined herein,

                    Plaintiffs,

           vs.

NATIONS RECOVERY CENTER, INC.;
ATLANTIC CREDIT & FINANCE SPECIAL
FINANCE UNIT III, LLC

                    Defendants.

---------------------------------------------------------------x

CASE NO.: 1:13-cv-1426-BMC

NOTICE OF CLASS ACTION SETTLEMENT

## AFFIDAVIT OF BAILEY HUGHES

STATE OF ILLINOIS, COUNTY OF COOK

I, Bailey Hughes, under penalty of perjury affirm that the following statements are true:

1. I am a Case Manager for First Class, Inc. and have personal knowledge of this matter.

2. First Class, Inc., a Class Action Administration Service, was retained to send the notices to the class members for this case.

3. The class list was received from the Law Office of William F. Horn, and contained 336 records.

4. Prior to mailing the notice to the individuals on the class mailing list, First Class, Inc. followed its standard practice of processing the list through the Coding Accuracy Support System (CASS) and the NCOA (National Change of Address) update process of the U.S. Postal Service using software certified by the U.S. Postal Service. CASS allows First Class, Inc. to verify the address is correctly formatted for delivery and it also corrects zip codes. NCOA Move Update provides current address information, if available, and information regarding deliverability.

5. Prior to mailing the notice to individuals on the class mailing list, First Class, Inc. followed its standard practice of checking for and removing exact duplicate records within the class list, and in this case, 4 exact duplicates were found.

6. The notices were mailed on October 10, 2013 to 332 class members.

7. Since the date of mailing, Plaintiff's Counsel has been diligent in following up with First Class, Inc. to make sure all administrative duties were being performed.

8. Late in the afternoon on December 5, 2013, it was discovered by First Class, Inc. that the original class mailing list received from Plaintiff's Counsel had inadvertently been overwritten with a class mailing list of the same size from another, unrelated case. As a result, 332 class members from another, unrelated case received a copy of this class notice, and none of the individuals from the correct class list received the notice.

9. First Class, Inc. informed Class Counsel of the issue late in the afternoon on December 5, 2013, and was informed that Class Counsel would seek direction from the Court as to how to proceed.

10. If the Court so chooses, First Class, Inc. can send a follow up letter to the 40 individuals from the unrelated case who were sent this notice and returned a claim form, informing them that they were sent the notice in error, and are therefore not eligible to opt-in to this class. First Class, Inc. can also send this notice to the correct class mailing list received from Plaintiff's Counsel.

FURTHER AFFIANT SAYETH NOT.

_____
AFFIANT

_____
NOTARY PUBLIC

"Official Seal"
Lonna B Streight-Schulz
Notary Public, State of Illinois
My Commission Expires:
August 18, 2014

SWORN TO AND SUBSCRIBED before me this

6th day of December, 2013 by Bailey Hughes of First Class, Inc.

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SHIRLEY T. BURTON, on behalf of plaintiff and the class defined herein, | CASE NO.: 1:13-cv-1426-BMC |
| Plaintiffs, |  |
| vs. | **[PROPOSED] AMENDED PRELIMINARY APPROVAL ORDER** |
| NATIONS RECOVERY CENTER, INC.; ATLANTIC CREDIT & FINANCE SPECIAL FINANCE UNIT III, LLC |  |
| Defendants. |  |

The Court, having considered the Parties' motion for preliminary approval [Doc. 18], and the Plaintiff's recent Request for an Amended Preliminary Approval Order due to an error by the Third-Party Class Administrator [Doc. 24], hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, SHIRLEY T. BURTON ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, NATIONS RECOVERY CENTER, INC. ("Defendant").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

1. The Settlement Class is so numerous that joinder of all members is impracticable;

2. There are questions of law and fact common to the proposed Settlement Class;

3. The individual claims of Plaintiff are typical of the claims of the Settlement Class;

4. Plaintiff is an appropriate and adequate representative for the Settlement Class;

5. The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

6. A class action is superior to other methods for fairly and efficiently settling this

controversy;

7. With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, William F. Horn and Shimshon Wexler, will fairly and adequately represent the interests of the Settlement Class;

8. With respect to the proposed Agreement, after consideration of the Agreement attached as *Exhibit A* to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate; and,

9. the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a) defines the "Settlement Class" as (i) all persons with addresses in the State of New York (ii) to whom Defendant mailed a collection letter in the form attached as *Exhibit A* to Plaintiff's complaint (iii) which states "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC" (iv) made in connection with Defendant's attempt to collect a debt (v) during a period beginning on March 15, 2012, and ending on April 4, 2013.

    (b) defines the "Class Claims" as those claims arising from Defendant's collection letter attached as *Exhibit A* to Plaintiff's complaint in this action [Doc. 1], wherein Defendant advises consumers that the creditor of their alleged debt is "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC;"

    (c)    appoints Plaintiff as the Class Representative; and

    (d)    appoints Plaintiff's counsel, William F. Horn and Shimshon Wexler, as Class Counsel.

2. The Court approves the Parties' proposed Class Notice, which is attached hereto as ***Exhibit 1***, and directs it be mailed to the last known address of the Settlement Class Members as shown in Defendant's business records. Plaintiff will cause the Class Notice to be mailed to Settlement Class members on or before _____, 2013 (three (3) days after entry of this amended preliminary approval order). Plaintiff will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3. The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Settlement Class members shall have until _____, 2014 (the first business day after the 45th day after the initial mailing of the Class Notice) to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may

3

also appear at the hearing and be heard on the fairness of a settlement. To be effective, the request for exclusion or objection must be postmarked by _____, 2014.

5. In order to receive a portion of the cash payment under the settlement, the Settlement Class members must complete, return to the settlement administrator, and postmark a claim form by _____, 2014 (the first business day after the 45th day after the initial mailing of the class notice). The claim form will be sent with the Class Notice.

6. Defendant having already complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) [Docs. 21 & 22], is not required to re-serve such notice.

7. A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on _____, 2014 at _____ a.m. in Courtroom 8D South. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

8. All papers in support of final approval of the settlement shall be filed by _____, 2014.

**IT IS SO ORDERED:**

_____
HONORABLE BRIAN M. COGAN
Judge, United States District Court

Dated:

4

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------x

SHIRLEY T. BURTON, on behalf of plaintiff
and the class defined herein,

       Plaintiffs,

  vs.

NATIONS RECOVERY CENTER, INC.;
ATLANTIC CREDIT & FINANCE SPECIAL
FINANCE UNIT III, LLC

       Defendants.

----------------------------------------x

CASE NO.: 1:13-cv-1426-BMC

**NOTICE OF CLASS ACTION SETTLEMENT**

**If you received a collection letter from Nations Recovery Center, Inc., you may benefit from this class action settlement.**

*The case is titled Shirley T. Burton v. Nations Recovery Center, Inc., E.D.N.Y. Case No.1:13-cv-1426-BMC. A Federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.**
**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| **RETURN A CLAIM FORM BY _____, 2014** | By returning a completed claim form by ____, 2014 you will remain in the Class and you will be entitled to receive a settlement check from the settlement fund. |
|---|---|
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement but will not receive a share of the settlement fund. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal claims against the Defendant. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

### 1. Why did I get this notice?

You are receiving this notice because you were identified as a person for whom Defendant, Nations Recovery Center, Inc. ("Defendant" or "Nations Recovery") sent a collection letter between March 15, 2012, and ending on April 4, 2013, which letter stated, states "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC."

### 2. What is this lawsuit about?

This lawsuit claims that Nations Recovery violated the federal Fair Debt Collection Practices Act ("FDCPA") by sending consumers a collection letter, which stated the following: "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC." The lawsuit alleges that the foregoing statement falsely identifies the creditor of the alleged debt and, therefore, violates the FDCPA. Nations Recovery filed an answer to the lawsuit denying that this language violates that FDCPA.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Shirley T. Burton), sue on behalf of a group (or a "Class") of people who have similar claims regarding the same collection letter used by Nations Recovery in an attempt to collect a debt.

### 4. Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the Parties reached a settlement agreement as to Plaintiff's and the Class's claims.

### 5. How do I know if I am a part of the settlement?

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> (a) all persons with addresses in the State of New York (b) to whom Defendant mailed a collection letter in the form attached as *Exhibit A* to Plaintiff's complaint (c) which states "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC" (d) made in connection with Defendant's attempt to collect a debt (e) during a period beginning on March 15, 2012, and ending on April 4, 2013.

Nations Recovery estimates that, based on its electronic records, there are 335 people in the Class. According to Nations Recovery's records, you are a Class member.

## YOUR BENEFITS UNDER THE SETTLEMENT

### 6. What can I get from the settlement?

If you postmark and return a claim form by _____, 2014 to **First Class, Inc.** you will be entitled to a pro rata share of the Class Recovery. The Class Recovery will be $15,000.00. If all 335 Class members return a claim form, which is unlikely, each claimant will receive about $44.78. Class Counsel expects that between 10-20% of the Class members will return a claim form and that each claimant will likely receive between $441.18 and $223.88. No Class member is eligible to receive more than one check for their share of the Class Recovery.

### 7. When will I receive these benefits?

You will receive these benefits approximately 30-45 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

### 8. I want to be a part of the settlement. What do I do?

By _____, 2014, you need to complete, postmark and mail to First Class, Inc. the claim form at the end of this notice.

### 9. What am I giving up if I remain in the settlement?

By staying in the Class, all of the Court's orders will apply to you, and you give Defendant a "release." A release means you cannot sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit with respect to the prerecorded message at issue in the Complaint.

### 10. How much will the Class Representative receive?

The Plaintiff, Shirley T. Burton, will receive a payment of $1,000.00 for her individual statutory damages under the FDCPA *plus* an additional payment of $1,500.00 for her services to the Class members. This payment subject to the Court's Approval.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the settlement, but you want to keep your legal claims against the Defendant, then you must take steps to exclude yourself from this settlement.

> **11. How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Shirley T. Burton v.Nations Recovery Center, Inc.*, E.D.N.Y. Case No. 1:13-cv-1426-BMC. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than _____, 2014,** to:

Class Counsel:

| | |
|---|---|
| William F. Horn, Esq. | Shimshon Wexler, Esq. |
| LAW OFFICE OF WILLIAM F. HORN | LAW OFFICES OF SHIMSHON WEXLER, P.C. |
| 188-01B 71st Crescent | P.O. Box 250870 |
| Fresh Meadows, New York 11365 | New York, New York 10025 |
| Telephone: (718) 785-0543 | Telephone: (212) 760-2400 |
| Facsimile:  (866) 596-9003 | Facsimile:   (917) 512-6132 |
| E-Mail: bill@wfhlegal.com | E-Mail: shimshonwexler@yahoo.com |

*-- AND --*

Defendant's Counsel:

Arthur Sanders, Esq.
MEL S. HARRIS & ASSOCIATES, LLC
5 Hanover Square, 8th Floor
New York, New York 10004
Facsimile:  (646) 454-2104

> **12. If I exclude myself, do I still receive benefits from this settlement?**

No, you still will not receive anything resulting from the settlement, but you will have the right to sue Nations Recovery over the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

# THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has named William F. Horn and Shimshon Wexler as Class Counsel. You will not be charged for these lawyers; however, they will receive a payment from the Defendant in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by _____, 2014.

### 14. How will the lawyers be paid?

Nations Recovery agrees that Plaintiff is the successful party and entitled to an award of reasonable attorneys' fees, costs, and expenses payable from Nations Recovery in an amount to be determined or approved by the Court. The award is in addition to, and shall in no manner reduce, the amount of benefits due the class. Class Counsel intends to file an application for attorneys' fees, costs, and expenses through Final Judgment. The attorneys' fees and costs will be paid by Nations Recovery and will not be taken out of the class settlement fund.

# CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

### 15. Is this a fair settlement?

Class Counsel believes that this settlement is fair. The claim asserted on behalf of the Class against Nations Recovery is under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. <u>Plaintiff's complaint does not allege any actual damages</u>. In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

In this case, the Class recovery of $15,000.00 will be divided between those of the 10,000 Class members who submit a timely claim form. Class Counsel expects that approximately 10-20% of the Class members will return a claim form and that claimants will receive between approximately $441.18 and $223.88.

### 16. What is the Defendant's view of this settlement?

As stated above, by settling this lawsuit, Nations Recovery is not admitting it has done anything wrong. Nations Recovery expressly denies the claims asserted by the Plaintiff and denies all allegations of wrongdoing and liability.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 16. How do I tell the Court that I do not like the Settlement? |
|---|

If you are a Class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Shirley T. Burton v. Nations Recovery Center, Inc.*, E.D.N.Y. Case No. 1:13-cv-1426-BMC, your name, address, telephone number, and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18). You must mail your objection so that it is postmarked no later than _____, 2014 to**:**

    Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.

You must also send a copy of your objection to:

Class Counsel:

William F. Horn, Esq.
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com

Shimshon Wexler, Esq.
LAW OFFICES OF SHIMSHON WEXLER, P.C.
P.O. Box 250870
New York, New York 10025
Telephone: (212) 760-2400
Facsimile: (917) 512-6132
E-Mail: shimshonwexler@yahoo.com

*-- AND --*

Defendant's Counsel:

Arthur Sanders, Esq.
MEL S. HARRIS & ASSOCIATES, LLC
5 Hanover Square, 8th Floor
New York, New York 10004
Facsimile: (646) 454-2104

# THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

| 17. Where and when is the fairness hearing? |
|---|

The Court will hold a fairness hearing on _____, 2014 at _____ **a.m./p.m.** in the courtroom of the Honorable Brian M. Cogan, U.S. District Court Judge, 225 Cadman Plaza East, Courtroom 8D South, Brooklyn, New York 11201. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION – CONTACT:

Class Counsel:

William F. Horn, Esq.  
LAW OFFICE OF WILLIAM F. HORN  
188-01B 71st Crescent  
Fresh Meadows, NY 11365  
Telephone: (718) 785-0543  
Facsimile:  (866) 596-9003  
E-Mail: bill@wfhlegal.com  

Shimshon Wexler, Esq.  
LAW OFFICES OF SHIMSHON WEXLER, P.C.  
P.O. Box 250870  
New York, New York 10025  
Telephone: (212) 760-2400  
Facsimile:   (917) 512-6132  
E-Mail: shimshonwexler@yahoo.com

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.**

They are not permitted to answer your questions.

# PROOF OF CLAIM FORM

**RE:** *Shirley T. Burton v. Nations Recovery Center, Inc., E.D.N.Y. Case No.1*:13-cv-1426-BMC.

**I WISH TO RECEIVE A SHARE OF THE SETTLEMENT.
IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE
_____, 2014 AND MAILED TO THE FOLLOWING ADDRESS:**

FIRST CLASS, INC.
5410 W Roosevelt Rd Ste 222
Chicago, IL 60644-1479

**PLEASE LEGIBLY PRINT THE FOLLOWING INFORMATION:**

**NAME:** _____

**MAILING ADDRESS:** _____

_____

**IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE NOTE THE ADDRESS HERE:**

_____

_____

**SIGNATURE:** _____