UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x
SHIRLEY T. BURTON, on behalf of plaintiff
and the class defined herein,

                Plaintiffs,

vs.

NATIONS RECOVERY CENTER, INC.;
ATLANTIC CREDIT & FINANCE SPECIAL
FINANCE UNIT III, LLC

                Defendants.
---------------------------------------x

CASE NO.: 1:13-cv-1426-BMC

[PROPOSED]
FINAL APPROVAL ORDER

BMC

Upon consideration of the Plaintiff's Motion for Final Approval of the Class Settlement Agreement ("Agreement") between Plaintiff, SHIRLEY T. BURTON ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, NATIONS RECOVERY CENTER, INC. ("Defendant"), the Court orders and finds as follows:

1.     This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, the Settlement Class members, and Defendant.

2.     The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons with addresses in the State of New York to whom Defendant mailed a collection letter in the form attached as *Exhibit A* to Plaintiff's complaint, which states "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC," made in connection with Defendant's attempt to collect a debt during a period beginning on March 15, 2012, and ending on April 4, 2013.

3.     The "Class Claims" are defined as those claims arising from Defendant's collection letter attached as *Exhibit A* to Plaintiff's complaint in this action [Doc. 1], wherein Defendant advises consumers that the creditor of their alleged debt is "Atlantic Credit & Finance Special Finance Unit III, LLC" above the words "Re: Capital One, N.A. Assignee from HSBC.

4.  Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and included whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692g(a)(2) by sending standardized collection letters to the Plaintiff and Settlement Class members which letters contained alleged false identification of the consumer's creditor; (C) the Plaintiff's claim is typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, William F. Horn and Shimshon Wexler, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

5.  On December 6, 2013, the Court entered an Amended Order Granting Preliminary Approval of Class Settlement Agreement, which *inter alia*, approved a form of notice for mailing to the Settlement Class. [Doc. 25]. The Court is informed that actual notice was mailed via First Class mail, postage prepaid, with Forwarding Service Requested, to 334 Settlement Class members by First Class, Inc., the third-party settlement administrator. A total of 28 envelopes were returned by the United States Postal Service, 3 of which were returned with forwarding addresses and re-mailed. None of Settlement Class members requested exclusion or objected to the class settlement. A total of 23 Settlement Class members timely returned the proof of claim form and are entitled to a share of the monetary benefits of the settlement.

6.  On February 18, 2014, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited. Excluded from the Settlement Class are those persons, identified in <u>Exhibit A</u> hereto, who timely and validly requested exclusion.

7.  The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

8.  The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments:

   (a)  Defendant will create a class settlement fund of $15,000.00 ("Class Recovery"), which Class Counsel will distribute *pro rata* among those Settlement Class Members who did not exclude themselves and who timely return a claim form ("Claimants"). Claimants will receive a *pro rata* share of the Class Recovery by check. Checks issued to Claimants will be void sixty (60) days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to the New York Legal Assistance Group, which is located at 7 Hanover Square, 18th Floor, New York, New York 10004.

   (b)  Defendant shall pay Plaintiff $2,500.00.

   (c)  Class Counsel will receive attorneys' fees and costs in the amount of $37,500.00. Class Counsel will not request additional fees or costs from Defendant or the Settlement Class members.

9.  The Parties grant the following releases:

   (a)  Plaintiff, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Defendant, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release

3

    Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendant's collection activity.

  (b) Each member of the Settlement Class who did not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability and claims including the payment of attorney's fees and costs arising from or relating to the Class Claims concerning Defendant's collection letter that is attached as *Exhibit A* to Plaintiff's complaint in this action [Doc. 1].

  (c) Plaintiff and each Settlement Class member DO NOT release any defense they may have with respect to the underlying debts which Defendant was attempting to collect, including (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of any debts to credit bureaus.

  (d) Defendant does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their debts. The underlying debts Defendant sought to collect are not unaffected by the Agreement. The Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Settlement Class members.

10. The Court finds the Agreement is fair and made in good faith.

11. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

[BMC] ~~12. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.~~

13. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

14. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

                **IT IS SO ORDERED:**

*Digitally signed by Brian M. Cogan*

HONORABLE BRIAN M. COGAN
Judge, United States District Court

Dated: 2/18/14

4